## CIRCUIT COURT OF THE CITY OF RICHMOND

Heidi Mitchell

v.

Richmond Medical Center
for Women, Inc., and
William B. Fitzhugh

December 5, 1991

Case No. LR 4036–2

By Judge Robert L. Harris, Sr.

Before the court is the defendant's Plea of the Statute of Limitations and Motion to Dismiss. For the reasons set forth below, the Plea is dismissed and the Motion is denied.

On August 15, 1987, plaintiff presented herself to defendant Richmond Medical Center for Women, Inc., hereinafter the Center, for an abortion. Dr. Fitzhugh, a physician at the Center, performed the abortion on that date. Plaintiff experienced heavy vaginal hemorrhaging on August 26, 1987, and presented herself to the Center for treatment. Plaintiff was given oral medication, Ergotrate, to reduce the bleeding and sent home. Later that day, plaintiff presented herself to the emergency room of Chippenham Hospital in Richmond, Virginia. She was admitted to the hospital and received a dilation and curettage procedure.

In an attempt to comply with Virginia Code Section 8.01–581.2, plaintiff forwarded three separate letters addressed to Dr. Fitzhugh; Dr. Fitzhugh, Director, Richmond Medical Center for Women; and John Doe, c/o Dr. Fitzhugh, Director, Richmond Medical Center for Women. Each of these was mailed to 118 North Boulevard, Richmond, Virginia 23220. All three letters were sent by certified mail and received by Robyn Jones, a Center employee on August 12, 1989. These letters were the notice of medical malpractice claim in compliance with Virginia Code § 8.01–581.2.

Reverend Robert Bluford, Jr., is the president of the board of directors of the Center. The Center contracts with WKG&J Corporation to provide all medical services and supplies on a per procedure basis. Dr. Fitzhugh is the president of WKG&J and has never been an officer or director of the Center.

Plaintiff believed that Dr. Fitzhugh was the director of the Center. She reached this conclusion from a conversation that she had with a nurse at the Center on August 26, 1987. Plaintiff claims the nurse stated that Dr. Fitzhugh was the director of the Center. Further, the envelope containing oral medication lists the name of the Center and Dr. Fitzhugh's name. Further, plaintiff's attorney forwarded a request for plaintiff's medical records addressed to Dr. Fitzhugh, director, at the Center's address. The Center's medical records were forwarded to plaintiff's attorney on a timely basis.

The Center frequently receives mail for Dr. Fitzhugh. The mail is forwarded unopened to Dr. Fitzhugh. All three envelopes containing the notice of claim were forwarded in this fashion to Dr. Fitzhugh. Dr. Fitzhugh in turn forwarded the notice of claim of the Center and John Doe to Reverend Bluford. The Center's insurance company received the notices prior to August 21, 1989.

Defendant, the Center, filed a Plea of the Statute of Limitations and Motion to Dismiss based on the premise that the notice of claim failed to comply with the provisions of Virginia Code § 8.01–581.2. That section states "[n]o action may be brought for malpractice against a health care provider unless the claimant notifies the health care provider in writing by registered or certified mail prior to commencing the action." § 8.01–581.2(A). Defendant contends the notice to the Center was defective because it was not mailed to the director of the Center.

Although notice to the Center was mailed to an individual having no position or authority with the Center, it is conceded that the notice was received by those in charge prior to August 21, 1989. Actual notice was received by the Center within the statute of limitations period.

Virginia Code § 8.01–288 provides as follows:

> Except for process commencing actions for divorce or annulment of marriage or other actions wherein service of process is specifically prescribed by statute, process which has reached the person to whom it is directed within the

time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter.

Section 8.01–285 defines "process" to include notice within the meaning of § 8.01–288. The provisions of Section 8.01–288 apply to the notice provisions of § 8.01–581.2. Therefore, plaintiff complied with § 8.01–581.2 as the Center received timely notice of claim.

The purpose of the statutory provisions requiring medical malpractice review panels, §§ 8.01–581.1 to 8.01–581.12:2, is to provide health care providers with notice of the alleged acts of malpractice and the opportunity to remedy procedures which may have contributed to the malpractice. Further, the statutes provide health care providers with the opportunity to resolve meritorious claims before the expense of litigation has been incurred. *Grubbs v. Rawls*, 235 Va. 607, 369 S.E.2d 683 (1988), provided guidance as to the statutory requirements of the contends of the notice. The court stated "[a] notice calls the recipient's attention to the general time, place, and character of events complained of." *Grubbs v. Rawls*, 235 Va. at 614. Requiring plaintiff to provide only general reasonable notice of the claim is consistent with this purpose.

Applying the liberal provisions of § 8.01–288 to the medical malpractice notice statute, § 8.01–581.2, further comports with the purpose behind the medical malpractice review panel statutes. Accordingly, the Motion to Dismiss is denied, and the Plea of Statute of Limitations is dismissed.