Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan, and Koontz, JJ., and Whiting, Senior Justice

MICHAEL B. FREY AND PATRICIA A. FREY

OPINION BY
v.  Record No. 950949          SENIOR JUSTICE HENRY H. WHITING
                                           March 1, 1996

JEFFERSON HOMEBUILDERS, INC.

FROM THE CIRCUIT COURT OF CULPEPER COUNTY
John R. Cullen, Judge

In this appeal, the primary issue is whether a statutory extension of the time for serving process applies to Rule 3:3.

As pertinent, Rule 3:3 provides:
> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.[*]

Alleging a breach of contract, Michael B. Frey and Patricia A. Frey, his wife, filed a motion for judgment against Jefferson Homebuilders, Inc. (Jefferson) on November 12, 1993.  The record does not indicate that the Freys furnished Jefferson's address to the clerk when their motion for judgment was filed, as required

_____

[*]We note that the General Assembly has codified the one-year service provision of Rule 3:3 in Code § 8.01-275.1.  Gilbreath v. Brewster, 250 Va. 436, 442 n.3, 463 S.E.2d 836, 838 n.3 (1995). That section provides:

> Service of process in an action or suit within twelve months of commencement of the action or suit against a defendant shall be timely as to that defendant.  Service of process on a defendant more than twelve months after the suit or action was commenced shall be timely upon a finding by the court that the plaintiff exercised due diligence to have timely service made on the defendant.

The applicability of Code § 8.01-275.1, enacted subsequent to the commencement of the Freys' action, is not at issue in this case.

by another provision of Rule 3:3 and by Code § 8.01-290.

One year and two days later, on Monday, November 14, 1994, counsel for the Freys requested the clerk to issue process, which counsel had delivered to Jefferson's registered agent on that day by Crystol L. Hiserman, a person who purported to be a private process server. Hiserman failed to make a return thereof until almost two months after such delivery.

Jefferson moved to quash the alleged service on the grounds that Hiserman was not authorized to serve process and that she failed to make a return of the purported service until almost two months thereafter. In support of the latter ground, Jefferson cited Code § 8.01-325, which requires return of service to be made "promptly to the clerk's office."

For both these reasons, the court found that process had not been properly served. However, it overruled Jefferson's motion on the ground that its registered agent's actual receipt of the notice of motion for judgment was sufficient service under Code § 8.01-288.

Whereupon, Jefferson filed a motion to dismiss the action on the ground that Rule 3:3 precluded the entry of a judgment against it since it had been served with process more than one year after the action was commenced. The court sustained this motion and the Freys appeal. Jefferson assigns cross-error to the court's denial of its motion to quash the Freys' service of process.

I.

In addressing the Freys' assignment of error, we will assume that the court correctly ruled that the delivery of process was valid under the saving provision of Code § 8.01-288.  Thus, we consider whether Rule 3:3 prevented the court from entering a judgment in favor of the Freys because process was served more than a year after the Freys commenced their action.

The Freys note that the clerk's office was closed on Friday, November 11, 1994, a legal holiday, and did not reopen until Monday, November 14.  Accordingly, the Freys argue that the one-year limitation in Rule 3:3 is subject to the following statutory extension in Code § 1-13.3:1:

> When the last day fixed by statute, or by rule of the Supreme Court of Virginia . . . for any paper to be served, delivered or filed, or for any other act to be done in the course of judicial proceedings falls on a Saturday, Sunday, [or] legal holiday, . . . the paper may be served, delivered, or filed and the act may be done on the next day that is not a Saturday, Sunday, or legal holiday. . . .

Jefferson responds that Code § 1-13.3:1 is inapplicable because Rule 3:3 neither establishes a "last day" to serve process on a defendant, nor invalidates the service of process in this case.  Instead, Jefferson contends that Rule 3:3 merely prohibits the court from entering judgment for a plaintiff who fails to serve process within a year after his action is commenced.  We disagree.

We think this construction results in the absurdity of validating a delayed service but effectively nullifying that

service.  And absurd constructions are to be avoided even in rules that are unambiguous.  See Fairfax Hospital System, Inc. v. Nevitt, 249 Va. 591, 597, 457 S.E.2d 10, 14 (1995); Dominion Trust Co. v. Kenbridge Constr. Co., 248 Va. 393, 396, 448 S.E.2d 659, 660 (1994).

In our opinion, Rule 3:3 effectively "fixe[s]" the 365th day after commencement of the action as the "last day" for the motion for judgment "to be served [or] delivered," thereby subjecting the one-year period of Rule 3:3 to the saving provision in Code § 1-13.3:1.  Thus, since November 12, 1994, was a Saturday, Code § 1-13.3:1 extended the date for service to be completed until Monday, November 14, "the next day that [was] not a Saturday, Sunday, or legal holiday."

Therefore, we conclude that the court erred in holding that no judgment could be entered in favor of the Freys because of their delayed service of process.

II.

This brings us to Jefferson's assignment of cross-error. Jefferson asserts that the court erred in applying Code § 8.01-288 when it denied Jefferson's motion to quash the Freys' process.  As pertinent, that statute provides:

> Except for process commencing actions for divorce or annulment of marriage or other actions wherein service of process is specifically prescribed by statute, process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served . . . as provided in this chapter.

-4-

(Emphasis added).

Since the process was left with its registered agent, Jefferson, a domestic corporation, contends the following statutory language specifically requires personal service on its registered agent:

[P]rocess may be served on a corporation created by the laws of this State as follows:

l.  By personal service on any . . . registered agent of such corporation.

Code § 8.01-299 (emphasis added).  Thus, Jefferson argues that it is within the emphasized exception of Code § 8.01-288.  We do not agree.

In our opinion, the emphasized language of Code § 8.01-288 evidences a legislative intent to exclude services of process from its saving provision only in certain limited instances. Such an intent is clearly established with respect to suits for divorce and annulment, which are expressly excluded from the statute's saving provision.  Code § 8.01-288.  In other instances, the General Assembly has included the following sentence in statutes creating actions:  "The provisions of § 8.01-288 shall not be applicable to the service of process required in this subsection," or like language.  See Code § 38.2-2206(E) and (F) (uninsured motorist actions); Code § 54.1-1120(1) (Contractor Transaction Recovery Fund claims); Code § 54.1-2114(A)(1) (Real Estate Transaction Recovery Fund claims). However, we find no such language or any other language

-5-

indicating a legislative intent to exclude the service provisions of Code § 8.01-299, or to exclude service in actions for breach of contract, from the saving provision of Code § 8.01-288.  And we also note the use of the word "may" in Code § 8.01-299, indicating legislative recognition that some other kind of service might be proper.

Accordingly, we will affirm the court's judgment on the motion to quash the service of process, reverse the judgment on the motion to dismiss, and remand the case for further proceedings consistent with this opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>

CHIEF JUSTICE CARRICO, dissenting.

I dissent.  I think the majority has misinterpreted the effect of Rule 3:3.  In pertinent part, the Rule provides as follows:

> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

This language is prohibitory, not permissive, and I do not think it can be read the way the majority reads it, <u>viz.</u>, as fixing "the last day . . . for any paper to be served, delivered or filed, or for any other act to be done in the course of judicial proceedings."  Code § 1-13.3:1.

What Rule 3:3 does fix is the outer boundary of a trial

court's authority to enter judgment against a defendant, prohibiting such entry when the service of process is delayed for more than one year after the commencement of an action.  There is only one exception, and that is when "the court finds as a fact that the plaintiff exercised due diligence to have timely service."

In my opinion, Code § 1-13.3:1 is not available to save a plaintiff from the prohibition of Rule 3:3 when he fails to exercise due diligence and delays serving process until more than one year after the commencement of an action.  That is what happened here.  Hence, I would affirm the judgment of the trial court.