Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan, and Koontz, JJ., and Poff, Senior Justice

ALICE L. WARD

                        OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 961338          February 28, 1997

INSURANCE COMPANY OF NORTH AMERICA, ET AL.

           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Theodore J. Markow, Judge

    In this appeal, we consider whether the plaintiff's cause of action against the defendants is barred by the applicable statute of limitations.

    The relevant facts are not in dispute. Alice L. Ward recovered a judgment against Waverly Leon Charity on October 23, 1986. Ward filed a motion for judgment against Insurance Company of North America and its successor in interest, CIGNA Property & Casualty Insurance Company, on October 23, 1991. Ward alleged that Charity was insured pursuant to the provisions of an automobile liability insurance policy issued by Insurance Company of North America. Ward asserted that she is a statutory beneficiary of the insurance policy and that the defendants breached the policy by failing to satisfy her judgment against Charity. Ward nonsuited that action on June 10, 1994.

    On December 12, 1994, Ward commenced the present proceeding by filing another motion for judgment based on the same cause of action. The defendants filed a special plea in bar, asserting, inter alia, that Ward's cause of action was barred by the statute of limitations because her 1991 motion for judgment was not filed within five "365-day

periods" from the date she obtained her judgment against Charity. The trial court entered an order sustaining the plea, and we awarded Ward an appeal.[1]

The litigants agree that the plaintiff's alleged cause of action is governed by the five-year statute of limitations contained in Code § 8.01-246, which states in relevant part:

> "[A]ctions founded upon a contract . . . shall be brought within the following number of years next after the cause of action shall have accrued:
>
> . . . .
>
> 2. In actions on any contract which is not otherwise specified and which is in writing and signed by the party to be charged thereby, or by his agent, within five years whether such writing be under seal or not. . . ."

Ward asserts that her motion for judgment is timely because she filed her original motion for judgment within the five-year statute of limitation period and, when she took her voluntary nonsuit pursuant to Code § 8.01-380, she was entitled to recommence her action within six months from the date of the nonsuit order, June 10, 1994. Code § 8.01-229(E)(3).[2] Continuing, Ward contends that December 10,

---

[1] We find no merit in the defendants' argument that Ward's appeal should be dismissed because she failed to object to the entry of the trial court's order. The record is clear that Ward argued to the trial court that her cause of action was not barred by the statute of limitations. Ward was not required to make a formal exception to the trial court's order because the court was aware of her objections. Code § 8.01-384.

[2] Code § 8.01-229(E)(3) states in relevant part:

-2-

1994, which is six months from the date of the nonsuit order, was a Saturday and, therefore, Code § 1-13.3:1 permitted her to file her motion for judgment on Monday, December 12, 1994.[3]

The defendants, relying upon Frey v. Jefferson Homebuilders, Inc., 251 Va. 375, 467 S.E.2d 788 (1996), assert that Ward was required to file her action within five "365-day periods" from the date she obtained the October 23, 1986 judgment against Charity. The defendants state that, because "the year 1988 was a leap year[,] Ward actually filed her suit [within] four 365 day periods plus one 366

---

"If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer."

[3]Code § 1-13.3:1 states:

"When the last day fixed by statute, or by rule of the Supreme Court of Virginia for the commencement of any proceeding, for any paper to be served, delivered or filed, or for any other act to be done in the course of judicial proceedings falls on a Saturday, Sunday, legal holiday, or any day on which the clerk's office is closed as authorized by statute, the proceeding may be commenced, the paper may be served, delivered or filed and the act may be done on the next day that is not a Saturday, Sunday or legal holiday, or day on which the clerk's office is closed as authorized by statute."

day period. . . . Since Ward filed suit on October 23, [1991,] she did not file within the five years provided in . . . Code . . . § 8.01-246(2)."

We disagree with the defendants. <u>Frey</u> simply has no application here. In <u>Frey</u>, the primary issue we considered was whether a statutory extension of time in Code § 1-13.3:1 applied to Rule 3:3 which states in pertinent part:

"No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him."

Michael B. Frey and Patricia A. Frey filed a motion for judgment against Jefferson Homebuilders, Inc. on November 12, 1993. One year and two days later, counsel for the Freys requested the clerk to issue process, which was delivered to Jefferson's registered agent. Jefferson filed a motion to dismiss the action on the ground that Rule 3:3 precluded the entry of a judgment against it because Jefferson had been served with process more than one year after the action was commenced. The trial court sustained the motion.

On appeal, the Freys argued that the clerk's office was closed on Friday, November 11, 1994, a legal holiday, and did not reopen until Monday, November 14, 1994, and, therefore, they were entitled to the statutory extension specified in Code § 1-13.3:1. Agreeing with the Freys, we

-4-

stated that "Rule 3:3 effectively 'fixe[s]' the 365th day after commencement of the action as the 'last day' for the motion for judgment 'to be served [or] delivered,' thereby subjecting the one-year period of Rule 3:3 to the saving provision in Code § 1-13.3:1."  251 Va. at 378-79, 467 S.E.2d at 790.

The defendants misinterpret our statements in <u>Frey</u>.  We did not hold in <u>Frey</u>, as the defendants suggest, that one year is equivalent to 365 days.  Indeed, such an interpretation ignores the fact that a leap year contains 366 days.  Furthermore, the defendants' interpretation of our statement in <u>Frey</u> is contrary to Code § 1-13.33, which defines the word year:  "Unless otherwise expressed, the word '<u>year</u>' shall be construed to mean a calendar year. . . ."

Applying Code § 1-13.33, we hold that courts in this Commonwealth must utilize calendar years and not "365-day periods" when computing whether a statute of limitations has expired.  As Ward points out, her motion for judgment was filed within five calendar years from the date her cause of action against the defendants accrued, and she was entitled to both the tolling provision in the nonsuit statute, Code § 8.01-229(E)(3), and the statutory time extension contained in Code § 1-13.3:1.  Accordingly, we will reverse the judgment of the trial court and remand this case for further

proceedings.

Reversed and remanded.