# CIRCUIT COURT OF THE CITY OF NORFOLK

Willoughby Bay Associates

v.

Zoning Appeals Board
of the City of Norfolk

October 3, 1997

Case No. (Chancery) C93-2195

BY JUDGE MARC JACOBSON

The Petitioner, Willoughby Bay Associates (Willoughby), owned a 32-unit apartment complex on West Ocean View Avenue in the City of Norfolk, Virginia. On November 18, 1993, the Norfolk Board of Zoning Appeals (BZA) ruled that Willoughby could not operate the property as a 32-unit complex and Willoughby filed a Petition in the Circuit Court of the City of Norfolk on December 17, 1993, appealing the BZA ruling and forwarded a copy of same to the Norfolk City Attorney. The case remained inactive until BZA filed a motion to dismiss the suit on May 15, 1997.

The first issue to be determined is whether the Court should dismiss the pending suit because Willoughby failed to present its Petition timely and/or adequately under Va. Code § 15.1-497.

When a person is aggrieved by a decision of the BZA and files a petition properly, the Circuit Court must review that decision pursuant to Va. Code § 15.1-497. That statute does not require a petitioner to ask the court explicitly for a writ of certiorari. The statute requires only that a petitioner specify in its petition the grounds on which it is aggrieved and file the petition within 30 days of the BZA decision. Once a petitioner meets these conditions:

the court *shall* allow a writ of certiorari to review the decision of the board of zoning appeals and *shall* prescribe therein the time within which a return thereto must be made and served ... .

Va. Code § 15.1-497 (1989) (emphasis added).

In the instant case, Willoughby filed a document entitled "Petition" which contained a request for this Court to reverse a ruling of the BZA. Willoughby specified the grounds of grievance in its Petition which was filed within 30 days of the BZA's adverse decision.

Willoughby's Petition stated on its face that it was filed "pursuant to 15.1-497 of the Code of Virginia, 1950, as amended." (Bill of Complaint, Preamble.) Therefore, the Court concludes that Willoughby commenced this suit timely and properly.

The second issue to be considered by the Court is whether the Court must dismiss the instant suit because Willoughby failed to serve BZA within one year after commencement of the suit in accordance with Rule 2:4 of the Rules of the Supreme Court of Virginia.

Rule 2:4 states that a court shall not enter a decree "against a defendant who was served with process more than one year after the institution of the suit against him" unless "the plaintiff exercised due diligence to have timely service on him." Pursuant to Va. Code § 8.01-300, a party suing a governmental entity which is not a city, town, or county may serve "the director, commissioner, chief administrative officer, attorney, or any member of the governing body of such an entity." If a statute outlines a procedure for formal service of process, a plaintiff must follow the statute precisely in order to hold a defendant liable. *See Roenke v. Virginia Farm Bureau Mut. Ins.*, 209 Va. 128 (1968). However, § 8.01-288 provides an exception to the formal service requirements of any provision in Chapter 8 of the Code of Virginia, in which § 8.01-300 is located. Va. Code § 8.01-288 states that process which actually reaches a defendant is "sufficient, although not served or accepted as provided in this chapter." *See Frey v. Jefferson Homebuilders*, 251 Va. 375 (1996) (holding that § 8.01-288 cured faulty service under § 8.01-299, governing service on domestic corporations); *Binder v. Washington Gas*, 1995 U.S. Dist. LEXIS 21386 (1995) (same); *Mitchell v. Richmond Medical Ctr. for Women*, 26 Va. Cir. 103 (1991) (holding that § 8.01-288 cured faulty service under § 8.01-581.2). "Process" includes actual notice. *See* Va. Code § 8.01-285.

In the instant case, Willoughby mailed a copy of its Petition to the Deputy City Attorney because, it claimed, he "provides legal representation to the Board of Zoning Appeals." Willoughby presented no authority to support this contention and it would appear basically failed to serve BZA as required by § 8.01-300.

Although process was defective under § 8.01-300, BZA had actual notice of the Petition. A letter dated January 13, 1994, from the Deputy City Attorney to Willoughby indicates that the City of Norfolk did have notice of the Petition. (*See* Copy Attached to *Willoughby Bay Assocs. Memorandum of Law.*) Moreover, both the January 13 and March 16 letters indicate that the City conducted research on behalf of the BZA, hence, implying it represented BZA. BZA concedes neither the receipt of the two letters nor that the City Attorney generally represents BZA; however, considering the evidence as a whole, the Court does conclude that BZA did have actual knowledge of the pleadings and that sufficient service occurred under § 8.01-288 within the one year limit prescribed by Rule 2:4.

Because this Court finds that the BZA was timely served, it does not consider whether the plaintiff exercised due diligence, in compliance with Rule 2:4.

Certainly the conduct of Willoughby in its appeal is not a model of expeditious processing of an appeal and this Court will not countenance any further substantial delay. However, in accordance with the foregoing, the Court does deny BZA's Motion to Dismiss.