Present:  All the Justices

LARRY MASSIE, ET AL.

v. Record No. 971835   OPINION BY JUSTICE CYNTHIA D. KINSER
                                    June 5, 1998
BLUE CROSS AND BLUE SHIELD
OF VIRGINIA

                FROM THE CIRCUIT COURT OF RUSSELL COUNTY
                    Donald A. McGlothlin, Jr., Judge


     In this appeal, we decide whether the tolling

provision in Code § 8.01-229(E)(3), which allows a

plaintiff to recommence a cause of action within six months

of the date of an order of nonsuit or within the original

period of limitation, whichever is longer, applies to a

limitation period fixed by contract rather than by statute.

Because we conclude that the tolling provision applies only

to a statute of limitations, we will affirm the judgment of

the circuit court.

                                I.

     The pertinent facts are not disputed.  Larry Massie

and Sondra Massie (the Massies), as employees of the

Russell County School System, are subscribers to a group

health and hospitalization insurance contract (the

Contract) issued by Blue Cross and Blue Shield of Virginia

(Blue Cross).  Sondra underwent oral surgery on May 10,

1989.  Following the surgery, Blue Cross paid only a portion of Sondra's medical bills.

On February 12, 1991, the Massies filed a warrant in debt in the General District Court of Russell County against Blue Cross seeking recovery of the remaining amount allegedly owed on Sondra's medical bills.  Upon application by Blue Cross, the action was removed to the circuit court. On February 21, 1992, the circuit court granted the Massies' motion for a nonsuit and dismissed the action without prejudice.

The Massies recommenced their action by filing a motion for judgment on August 14, 1992 in the circuit court.  In response, Blue Cross filed a special plea in bar arguing that the twelve-month limitation period contained in the Contract bars the action.  That contractual provision provides the following regarding the period of limitations:

I. LIMITATION OF ACTIONS

No action at law or suit in equity may be brought against the Plan more than twelve (12) months after the date on which the cause of action accrued with respect to any matter relating to:

- this Contract;
- the Plan's performance under this Contract; or

2

- any statement made by employees, officers, or directors of the Plan concerning the Contract or the benefits available to a Member.[1]

After considering the parties' respective arguments and memoranda, the circuit court held that the twelve-month contractual limitation bars the instant action. In a letter opinion, the court stated the following reasons for its decision:

> The parties to this suit have agreed that no action at law may be brought against [Blue Cross] more than 12 months after the date on which the cause of action accrued with respect to any matter relating to the contract between them. For this Court to superimpose upon that very plain statement of the parties' agreement, the statutory exemption in cases of nonsuit would be to eviscerate the contractual provision. Moreover, Virginia Code § 8.01-229(E)(3), by its own terms, operates only to toll the applicable statute of limitations and not to [toll] limitation periods established by contract.

On June 4, 1997, the court issued an order sustaining Blue Cross' special plea in bar and dismissing the present action with prejudice. The Massies appeal.

II.

In Virginia, parties to a contract may agree that any action to enforce the contract must be filed within a shorter period of time than that established by an otherwise applicable statute of limitations. Board of

---

[1] The Contract defines "Plan" as Blue Cross and "Member" as "the Subscriber, and if Family Coverage is in force, the Subscriber's Dependents . . . ."

Supervisors of Fairfax County v. Sampson, 235 Va. 516, 520, 369 S.E.2d 178, 180 (1988).  A contractual period of limitations must not be unreasonably short, id., and in an insurance contract, the period of limitations cannot be "less than one year after the loss occurs or the cause of action accrues."  Code § 38.2-314.

The Massies do not challenge the validity of the twelve-month limitation period in the Contract.[2]  Nor do they assert that they filed the present action within the twelve-month period after their cause of action accrued. Rather, the Massies contend that they timely filed the present action because they recommenced their suit within six months after entry of the nonsuit order on February 21, 1992.  They assert that, even though they are bound by the twelve-month limitation period in the Contract, they are entitled to the benefit of the tolling provision in Code § 8.01-229(E)(3).  In other words, the Massies argue that the filing of the first suit in general district court tolled the twelve-month contractual limitation period, and that, following the nonsuit of the first action, they had six months within which to refile their action.

---

[2]  If the Contract did not contain a period of limitations, the five-year statute of limitations for written contracts under Code § 8.01-246(2) would be applicable.

The Massies premise their argument on the current version of Code § 8.01-229(E)(3). This section states the following:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

The Massies specifically argue that the last phrase, "shall apply to all actions irrespective of whether they arise under common law or statute," means that the six-month tolling provision applies to all cases that are nonsuited, including the present one. However, Blue Cross argues that the prior version of Code § 8.01-229(E)(3), which is identical to the current version except that it does not contain the last phrase, governs the disposition of this case because the Massies' cause of action accrued before the 1991 amendment adding that phrase went into effect.

We do not need to decide which version of Code § 8.01-229(E)(3) applies in this case because the operative language, "the statute of limitations with respect to such

5

action shall be tolled by the commencement of the nonsuited action," has not changed. (Emphasis added). The plain meaning of this phrase is that, after a voluntary nonsuit, the statute of limitations, not a contractual period of limitations, is tolled, and the plaintiff may recommence the suit within six months or within the original period of limitations, whichever is longer. "[W]hen a statute is clear and unambiguous, a court must accept its plain meaning and not resort to rules of construction or extrinsic evidence." Wall v. Fairfax County School Bd., 252 Va. 156, 159, 475 S.E.2d 803, 805 (1996). Thus, we conclude that Code § 8.01-229(E)(3) does not apply to a contractual period of limitations and that the instant action is, therefore, time-barred. See Riddlesbarger v. Hartford Ins. Co., 74 U.S. 386, 391 (1868); Chichester v. New Hampshire Fire Ins. Co., 51 A. 545, 547 (Conn. 1902); Davenport v. Gulf Life Ins. Co., 50 S.E.2d 134, 135 (Ga. Ct. App. 1948); Lewis v. Metro. Life Ins. Co., 62 N.E. 369 (Mass. 1902); Howard Ins. Co. v. Hocking, 18 A. 614, 615 (Pa. 1889).

Our decisions in Ward v. Ins. Co. of N. Am., 253 Va. 232, 482 S.E.2d 795 (1997), and Clark v. Butler Aviation—Washington Nat'l, Inc., 238 Va. 506, 385 S.E.2d 847, (1989), cited by the Massies, do not compel a different

6

result.  While both of those cases involved the tolling provision in Code § 8.01-229(E)(3), neither case dealt with a contractual period of limitations.  Thus, those decisions have no relevance to the present case.

Finally, the Contract itself did not include a provision tolling the twelve-month limitation period after a nonsuit or incorporate the six-month tolling provision contained in Code § 8.01-229(E)(3).  "A court must give effect to the intention of the parties as expressed in the language of their contract, and the rights of the parties must be determined accordingly."  Foti v. Cook, 220 Va. 800, 805, 263 S.E.2d 430, 433 (1980).  By agreeing to a period of limitations different from the statutory period, the parties chose to exclude the operation of the statute of limitations and, in doing so, also excluded its exceptions.[3]

For these reasons, we will affirm the judgment of the circuit court.

Affirmed.

---

[3]  Neither party advanced any argument regarding the applicability of the general tolling provision of Code § 8.01-229(E)(1) to the present case, and hence we express no opinion on the matter.