## CIRCUIT COURT OF FREDERICK COUNTY

Earl M. Nicholson, Jr.

v.

Nationwide Mut. Ins. Co.

August 18, 1999

Case No. (Law) 97-297

BY JUDGE JOHN E. WETSEL, JR.

Nationwide Mutual Insurance Comapny has filed a Motion for Summary Judgment based on the two year contractual statute of limitations in its homeowners insurance policy claiming that since more than two years has elapsed between the time of the fire and the time of the filing of the second action after an earlier action had been nonsuited, the plaintiff's claim is barred by the two year contractual statute of limitations contained in the policy. The Plaintiff argues that his action was filed within two years, because the nonsuited action tolled the statute of limitations, so that actually he filed his action within eighteen months of the fire, which is well within the two year statute of limitations. The Court has considered the parties' argument and memoranda and has decided to deny the Defendant's Motion for Summary Judgment.

### I. Statement of Material Facts

The following facts are not in dispute.

On May 23, 1994, the Plaintiff's residence in Frederick County, Virginia, was destroyed by fire. At the time of the fire, the Plaintiff had a homeowner's insurance policy in effect with the Defendant Nationwide. The Nationwide policy contains a contractual statute of limitations, which provides as follows:

Suit against us. No action can be brought unless there has been compliance with the policy provisions and the action is started within two years after the date of loss or damage.

(Policy, p. 10.) The policy contains no other provisions addressing the statute of limitations, accordingly, it is silent on such fundamental issues as the accrual of a cause of action and the tolling of the statute of limitations.

A disagreement arose between the policy holder and the insurance company with respect to the payment of his claim, and on May 23, 1995, one year after the fire and within the contractual statute of limitations, the Plaintiff filed an action against Nationwide in this court, Frederick County Law No. 95-23.

On March 12, 1997, Plaintiff nonsuited his first action against Nationwide.

Six months later, on September 12, 1997, which is more than three years after the fire, the Plaintiff filed the present action against Nationwide.

## II. *Conclusions of Law*

Defendant relies upon *Massie v. Blue Cross and Blue Shield,* 256 Va. 161, 500 S.E.2d 509 (1998), in which the Supreme Court held that the *six months* tolling provisions of the nonsuit statute, Va. Code § 8.01-229(E)(3), applied only to actions involving statutory periods of limitations, but that they did not apply to extend contractual periods of limitations. The Plaintiff argues that the general tolling provisions of Virginia Code § 8.01-229(E)(1) apply to the present case, and in footnote 3 in *Massie v. Blue Cross and Blue Shield, supra,* the Supreme Court expressly reserved deciding the application of that code section for a later time: "Neither party advanced any argument regarding the applicability of the general tolling provision of Code § 8.01-229(E)(1) to the present case, and hence we express no opinion on the matter." *Massie* at 166. Courts which have considered this precise issue have reached varying results, but "a number of courts have taken the view that the legislative policies embodied in statutes permitting the renewal of an action timely begun and terminated otherwise than on the merits, despite the running of the statute of limitations during the interval, is equally applicable to limitation provisions contained in contracts, and accordingly have held that a contractual period for bringing an action could be extended by such a statute." 51 Am. Jur. 2d, *Limitations of Actions,* § 308.

Virginia Code § 8.01-229(E)(1) provides that:

If any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

"That Code section contains tolling provisions which allow an action, previously terminated 'without determining the merits,' to avoid a second dismissal based on a plea of the statute of limitations." *Gilbreath v. Brewster*, 250 Va. 436, 440, 463 S.E.2d 836 (1995). "Unless a literal construction of a statute would result in internally conflicting provisions amounting to a 'manifest absurdity,' courts cannot construe a statute in a manner that would result in holding the legislature did not mean what it actually expressed." *Dairyland Ins. Co. v. Sylva*, 242 Va. 191, 194, 409 S.E.2d 127, 129 (1991). Statutes of limitations, whether they be contractual or statutory, were never intended to penalize the vigilant litigant who filed his action within the statute of limitations. Accordingly, the General Assembly, recognizing that occasionally cases filed timely may be dismissed for reasons other than on the merits, decided that such nonmerit dismissal cases would toll the statute of limitations. For example, when a case filed in federal court is dismissed for failure to meet the jurisdictional requirements, § 8.01-229(E)(1) applies, and the federal action tolls the statute of limitations. *See Luddeke v. U.S.A.A.*, 40 Va. Cir. 270 (1996) (action dismissed in federal court tolled statute of limitations pursuant to Code § 8.01-229(E)(1)).

"[I]nsurance policies are contracts whose terms are construed in accordance with the general principles applicable to all contracts." *Dairyland Ins. Co. v. Douthat*, 248 Va. 627, 630, 449 S.E.2d (1994), *citing Allstate Ins. Co. v. Eaton*, 248 Va. 426, 448 S.E.2d 652 (1994). There are many principles of general law that apply to the consideration of a contractual statute of limitations which are not expressed in the policy and must be decided according to the principles governing statutes of limitations in general. For example, the policy in this case is silent as to when the cause of action accrues, so if that were an issue, it would be resolved by consideration of the accrual provisions of Virginia Code § 8.01-230. Similarly, if the Plaintiff were to die after his cause of action arose or during the pendency of the action, then the general provisions governing substitution of parties and Virginia Code § 8.01-229(B) would apply. *See Douglas v. Chesterfield Police Dept.*, 251 Va. 363, 467 S.E.2d 474 (1996) (death of a party extends statute of limitations for one year beyond expiration of original statute of limitations).

The present case is distinguishable from *Massie v. Blue Cross and Blue Shield*, 256 Va. 161, 500 S.E.2d 509 (1998), because in *Massie* the contractual period of limitations was one year, and even applying the tolling provisions of Virginia Code § 8.01-229(E)(1), more than a year had elapsed after the loss during which an action was not pending, so the Plaintiff had to rely upon the six month tolling provision contained in Virginia Code § 8.01-229(E)(3) *to extend the statute of limitations beyond a year.* However, applying the tolling provisions of Virginia Code § 8.01-229(E)(1), there were only eighteen months following the fire that no action was pending in this case, so two years has not elapsed since the fire for statute of limitations purposes, and the Plaintiff is not relying upon Virginia Code § 8.01-229(E)(3) to extend the statute of limitations for six months as was the case in *Massie*. Accordingly, the Motion for Summary Judgment must be denied.

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that the Defendant's Motion for Summary Judgment is denied.