# CIRCUIT COURT OF LOUDOUN COUNTY

Ticonderoga Farms, Inc.

v.

Loudoun County
Board of Supervisors et al.

December 21, 2006

Case No. (Civil) 42551

BY JUDGE THOMAS D. HORNE

Ticonderoga Farms, Inc., has brought the instant action for declaratory relief challenging the rezoning and Comprehensive Plan Amendment relating to 224.66 acres of land owned by Dawson, L.C. Va. Code Ann. §§ 8.01-184 *et seq.*, 15.2-2285(F). The Dawson property is located immediately to the south of the Ticonderoga Farms property. Approval of the rezoning and Plan Amendment took place on July 5, 2005, by a 5 to 4 vote of the Board of Supervisors. Ticonderoga filed a timely challenge to the actions of the Board by the filing of a prior suit on July 20, 2005. Va. Code Ann. § 15.2-2285(F). That suit was terminated by the entry of an order of nonsuit on August 10, 2006. Va. Code Ann. § 8.01-380. The instant challenge to the rezoning and Plan Amendment was filed on September 13, 2006. Defendants, by way of the instant motion, assert that Plaintiff's claim is time-barred and should be dismissed. The Court agrees with the position of the defendants and will dismiss the action.

The General Assembly has provided that:

Every action contesting a decision of the local governing body adopting or failing to adopt a proposed zoning ordinance or amendment thereto or granting or failing to grant a special exception shall be filed within thirty days of the decision with

the circuit court having jurisdiction of the land affected by the decision. However, nothing in this subsection shall be construed to create any new right to contest the action of a local governing body.

Va. Code Ann. § 15.2-2285

The Supreme Court has found that the limitation provided by statute for the filing of such a contest is "not a statute of limitations." *Friends of Clark Mountain Foundation, Inc. v. Board of Sup'rs of Orange County*, 242 Va. 16, 22 (1991). Writing for the Court, Justice Compton clarified and distinguished the limitation in the following terms:

> Special statutes of limitation have jurisdictional effect. They are included in statutes creating a new right and become elements of that right, limiting its availability; compliance with such a statute is a condition precedent to prosecution of a claim. Another type of statute of limitations is a "statute of repose." This involves a legislatively mandated limitation which reflects a policy determination that a point in time arrives beyond which a potential defendant should be immune from liability for past conduct. Of course, there is a third type of limitation, the so-called "pure" or procedural statute of limitations, which serves only to place a time limit upon assertion of a remedy and furnishes an affirmative defense that may be waived. In our opinion, the § 15.1-493(G) [predecessor to § 15.2-2285(F)] 30-day period is none of these.

*Id.* at 21 (authorities omitted).

Prior to the Supreme Court's having clarified the nature of this statutory limitation, this Court, in a case decided in 1988, declined to categorize the limitation upon the right to seek judicial review of zoning decisions as either "statutes of limitation" or "statutes of repose." *Clarke v. Board of Supervisors*, 1988 WL 619356 (Va. Cir. 1988). Thus, to the extent that the opinion in *Clarke* would suggest the period for challenging legislative zoning decisions was a limitation period embraced within the general rubric of a "statute of limitations," the Supreme Court has rejected that view.

The instant motion turns on whether the tolling provisions of Va. Code Ann. § 8.01-229(E)(3) apply in the case of contested decisions under Va. Code Ann. § 15.2-2285.

Plaintiff had a right to take a nonsuit without prejudice in this case. Va. Code Ann. § 8.01-380. It has been observed, "[t]he effect of a nonsuit in Virginia is simply to put an end to the present proceedings without prejudicing the claimant in bringing a subsequent suit on the same cause of action." *Clark v. Clark*, 11 Va. App. 286, 298 (1990) (authority omitted). At the time the nonsuit was taken in this case, the thirty-day period within which an appeal could be perfected from the decision of the Board of Supervisors had passed. An extension of that period could only be found in Title 15.2, or in the tolling provisions of Va. Code Ann. § 8.01-229(E)(3), applicable generally to periods of limitation not otherwise provided by the Code. Va. Code Ann. § 8.01-228.

The General Assembly has provided that:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer. The tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

Va. Code Ann. § 8.01-229(E)(3).

The Supreme Court has interpreted this provision as follows:

> we conclude that the subsection (E)(3) tolling provisions must be read in conjunction only with the option to renew the nonsuited action within six months of the date of the nonsuited order … when a plaintiff … suffers a nonsuit and does not renew the action within the allotted six months, the "original period of limitation" is not tolled … in subsection (E)(3), which specifically applies to an action that has been nonsuited, the General Assembly used the term "original period of limitation" to describe one of the possible periods during which a plaintiff may renew a nonsuited action. We construe the term "original period of limitation" to mean the original statute of limitations without any tolling of that statute while a nonsuited action is pending.

*Simon v. Forer*, 265 Va. 483, 489, 480 (2003).

Based upon a review of the statutes and case law, the following observations can be made. Other than by order of nonsuit, where a timely filed action abates or is dismissed without a determination on the merits, the period the action is pending is not computed as part of the period within which the action is to be brought. Va. Code Ann. § 8.01-229(E)(1). Contrariwise, where an action is terminated by nonsuit, the period the action is pending is computed as part of the period within which the action may be brought, unless the plaintiff renews the action within six months of the date of the order of nonsuit.

By the express terms of Va. Code Ann. § 8.01-229(E)(3), the six month tolling provisions are limited to the application of a "statute of limitations." *Commonwealth v. Owens-Corning Fiberglass*, 238 Va. 595, 600 (1989). It has been found that, "by its own terms, [the statute] operates only to toll the applicable statute of limitations and not to [toll] limitation periods established by contract." *Massie v. Blue Cross and Blue Shield of Va.*, 256 Va. 161, 164 (1998). As previously noted, the period within which to contest the action of the Board was limited to thirty days; and was not either a statute of limitations or one of repose. *Friends of Clarke Mountain, id.* at 21. In that the Supreme Court has identified the limitation for a challenge to the action of the Board as neither a statute of limitation nor repose, the previous ruling by this Court in *Clarke* must be rejected and the instant Plaintiff's action barred. Defendants have not waived any right to object to the timeliness of the instant filing. *Board of Supervisors of Fairfax County v. Board of Zoning Appeals of Fairfax County*, 271 Va. 336 (2006).

Any tolling provision that would extend the right of a person to challenge the actions of a legislative body pursuant to Va. Code Ann. § 15.2-2285 must come from the General Assembly and not this Court.