[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 03, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-13088
Non-Argument Calendar

_____

D. C. Docket No. 08-60815-CV-WJZ

SCRATCH GOLF, LLC,
a South Carolina limited liability company
d.b.a. Jacaranda Golf Club,

                                                            Plaintiff-Appellee,

versus

LEXINGTON INSURANCE COMPANY,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 3, 2009)

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Lexington Insurance Company ("Lexington") appeals the district court's denial of its summary judgment motion on a claim by an insured against Lexington, the insurer. We affirm the district court's order.

## I. Background

On April 1, 2005, Lexington issued an "all risks" commercial insurance policy in Virginia to The United Company. Section 28 of the insurance policy stated that "no suit or action on this policy for the recovery of any claim shall be sustainable in a court of law . . . unless commenced within twenty-four months next after inception of the loss."

On October 24, 2005, Hurricane Wilma damaged the Jacaranda Golf Club, a Florida property owned by one of The United Company's subsidiaries, Scratch Golf LLC ("Scratch"). Scratch provided notice of its claim, and Lexington adjusted the claim over the course of two and a half years, inspecting the property, hiring consultants and accountants to assess the scope of the loss, and negotiating with Scratch regarding the proper amount of the claim.

On May 15, 2008, Scratch sent Lexington a Civil Remedy Notice, accusing Lexington of acting in bad faith by allegedly denying the claim and making an unsatisfactory offer. In a response letter, Lexington denied the bad faith claims, asserted that negotiations were ongoing, and enclosed a check for $2,289,327.93,

the maximum amount that Lexington believed it owed Scratch.

On May 30, 2008, Scratch sued Lexington, alleging breach of contract and claiming more than $5 million in damages. Lexington moved for summary judgment, arguing that Scratch's suit was governed by Virginia law and was untimely under Section 28. Scratch countered that Florida law applied and that Section 28 was void under Florida's five-year statute of limitations for contractual claims. Scratch further argued that, even under Virginia law, Lexington had waived Section 28 through (1) its failure to affirmatively plead the limitations defenses as required by Federal Rule of Civil Procedure 8; (2) its multi-million dollar payment on the claim after the limitations period had expired; and (3) its conduct in handling Scratch's claim. Finally, Scratch argued that, under Virginia law, Lexington was estopped from claiming the protection of Section 28 because it had lulled Scratch into delaying filing suit.

The district court denied Lexington's motion for summary judgment on two grounds: (1) Florida law applied, and Scratch's claim was timely; (2) even if Virginia law applied, Scratch's claim was timely because Lexington had waived its Section 28 defense by making payment on the claim. The district court found interlocutory review of this judgment to be appropriate under 28 U.S.C. § 1292(b). Lexington appeals.

3

## II. Discussion

We review questions of law in a district court's summary judgment order <u>de novo</u>. <u>Miccosukee Tribe of Indians of Fla. v. United States</u>, 566 F.3d 1257, 1264 (11th Cir. 2009). Because this is a diversity action, we apply the substantive law of the forum state, <u>Erie Railroad v. Tompkins</u>, 304 U.S. 64 (1938); therefore, we apply Florida's conflict of laws rules. <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487 (1941).

The parties first dispute the correct Florida conflict of laws rule. Scratch argues that Florida applies the law of the state in which the insured risk is located. <u>Cf.</u> <u>Shapiro v. Associated Int'l Ins. Co.</u>, 899 F.2d 1116 (11th Cir. 1990) (applying Florida law and reasoning that the substantive law of the state where that risk is situated should apply to that risk). Under this rule, Section 28 of the policy would be invalid. <u>See</u> Fla. Stat. § 95.11(2)(b) (creating a five year statute of limitations to sue on a contract or written instrument); <u>id</u>. § 95.03 (voiding any provision in a contract limiting time to sue to a period less than allowed by law).

Lexington argues that Florida applies the <u>lex loci contractus</u> rule, which specifies that the law of the jurisdiction where the contract was executed governs the insurance policy. <u>Cf.</u> <u>State Farm Mut. Auto. Ins. Co. v. Roach</u>, 945 So. 2d 1160 (Fla. 2006) (holding that the <u>lex loci contractus</u> rule applies except in

4

"narrow" cases where a Florida citizen is in need of protection and a paramount Florida public policy is present). Under this rule, Lexington argues, Virginia law governs, and Section 28 is valid. Massie v. Blue Cross & Blue Shield of Va., 500 S.E.2d 509, 511 (Va. 1998) (holding that, in Virginia, parties to a contract may agree that any action to enforce the contract must be filed within a shorter period of time than that established by an otherwise applicable statute of limitations).

We need not reach this question, because we conclude that Scratch's claim is timely under either rule.[1] Under Virginia law, Lexington has waived its right to claim Section 28 as a defense: "Where an insurer, with knowledge of the breach of a condition, pays the amount of loss ascertained by appraisers into court on an interpleader, or pays or partially pays any loss under the policy, it recognizes the policy as still in existence and must be considered to have waived its defense." Hartford Fire Ins. Co. v. Mut. Sav. & Loan Co., 68 S.E.2d 541, 545-46 (Va. 1952). This waiver of the condition need not be intentional; the insurer need only know of the defense at the time of the payment. A&E Supply Co. v. Nationwide Mut. Fire Ins. Co., 589 F. Supp. 428, 430 (W.D. Va. 1984). Lexington was aware that Section 28's limitation period had expired when it paid Scratch; therefore, it waived its Section 28 defense.

---

[1]Because this question is not determinative, we deny Lexington's motion to certify the question to the Florida Supreme Court.

Lexington argues that a waiver must be voluntary and that its payment to Scratch was made involuntarily under the threat of civil suit. The threat of litigation, however, does not make a payment compulsory. Lexington had alternatives other than payment, including filing its own action for declaratory relief asserting its Section 28 defense. Furthermore, Lexington's argument that this payment was made under legal duress is similarly unavailing: "For duress to exist . . . not only must a threat be improper, but it must leave the aggrieved party without any reasonable alternative other than to assent." King v. Donnkenny, Inc., 84 F. Supp. 2d 736 (W.D. Va. 2000).

Lexington also seeks to limit the holdings in Hartford and A&E Supply by arguing that these cases only apply when insurers seek the forfeiture of the policy. Lexington argues that, because it never sought a forfeiture of the claim, the waiver rule does not apply. The courts in Hartford and A&E Supply, however, did not limit their holdings to forfeitures but rather applied the waiver rule whenever the insurer made a payment on a claim knowing that the conditions in the policy had been breached. See also 44A Am. Jur. 2d Insurance § 1634 (2009).

Accordingly, the district court's denial of summary judgment is **AFFIRMED.**