## CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Maria Lostale Graham

v.

United Services
Automobile Association,
Sun Trust Mortgage, Inc.,
Virginia Elec. and
Power Co., et al.

June 26, 2014

Case No. CL12-7354

BY JUDGE CRAIG D. JOHNSTON

This matter came on on a plea in bar of United Services Automobile Association (USAA), asserting that this suit is barred by the limitation period provided in the contract of insurance. I took this plea in bar under advisement and report my decision herein.

### Issues Presented

I. The main issue presented is whether the two-year limitation period in the fire insurance policy is contractual or statutory. This determines whether the limitation period is subject to the tolling provision under Va. Code § 8.01-229(E).

II. A subsidiary issue raised by the Defendant is whether USAA was joined as a party to the initial suit in 2011 (Case No. CL11-1132).

### Facts

Generally, a plea in bar requires the Court to find facts. In this case, both sides agreed to the existence of certain facts, which may be summarized as follows.

1. The insurance contract in question contains the provisions cited in and required by § 38.2-2105(A), in an alternate form approved by the Insurance Commission, as authorized by § 38.2-2107.

2. The Defendant in this case, USAA, is the insurer under that policy of insurance, which was in effect as of the date of the fire.

3. The date of the fire, which commenced the running of the limitation period, was February 22, 2009.

4. The period of limitations is two years as set forth in the agreement.

5. More than two years elapsed between the date of the fire on February 22, 2009, and the date of filing of this suit on October 23, 2012.

6. There was a prior suit in this court, which resulted in a nonsuit, Case No. CL11-1132-00, referenced below and in the pleadings and argument before me. It was agreed that I can take judicial notice of the filing date, pleadings, and orders in that case in deciding this plea in bar in this case. Some of the matters as to which I can and will take notice are recited here; others are referenced below:

a. That suit was filed February 22, 2011, at 4:49 p.m.

b. Defendant USAA concedes, for purposes of this motion, that such suit would have been timely filed under the limitation period, had USAA been named as a party defendant from the outset. USAA notes, but does not argue, that the fact that the limitation period is in the agreement, not a statute formally denominated a statute of limitations, could mean that the provisions for calculating time contained in § 1-210 does not apply and that a different method of calculation could be called for under an agreement. Accordingly, the normal calculation method will be employed.

c. One named defendant in that suit, USAA Casualty Insurance Company ("USAA Casualty") demurred to the suit as being filed against an improper party and suggested that the Defendant in this case, United Services Automobile Association ("USAA") should have been named.

d. Judge Farris decided in an interlocutory order entered September 7, 2011, that the amended complaint in the initial suit related back so that USAA was joined as an added party.

*Discussion*

A. *Issue I*

Discussion in this case begins with *Massie v. Blue Cross & Blue Shield of Va.*, 256 Va. 161 (1998), which held that contractual periods of limitation are not subject to the tolling provision in § 8.01-229(E). Several federal cases have held that, despite *Massie,* a legislatively required contractual provision setting a period for filing suit is the equivalent of a statute of limitations and that § 8.01-229(E) accordingly applies. *See Erie Ins. Exch. v. Clover*, 2000 U.S. Dist. LEXIS 14282; *Zaeno Int'l v. State Farm Fire & Cas.*, 152 F. Supp. 2d 882 (E.D. Va. 2001); *Vaughan v. First Liberty Ins. Corp.*, 2009 U.S. Dist. LEXIS 108045.

After consideration, I have determined that I cannot accept the conclusions of these cases. I conclude that the overall legislative scheme for the regulation of fire insurance policies and the legislative intent behind the sections in question must be considered before concluding that,

because the required provisions serve as a statutorily mandated statute of limitations, they should be treated for all purposes as such, including the tolling provisions of § 8.01-229(E).

Imbedded in the "quacks like a duck and looks like a duck" analysis of the federal cases are two unstated assumptions: first, that the legislature did not know how to enact a statute of limitations on suits to enforce fire insurance policies and, second, that the legislature did not intend the outcome in this case which otherwise flows from *Massie* that contractual limitations are not subject to any of the tolling provisions of § 8.01-229, including § 8.01-229(E). *Massie v. Blue Cross & Blue Shield of Va.*, 256 Va. 161 (1998). For the reasons discussed below, I cannot accept either of these two assumptions.

### 1. *Assumption 1*

The legislature clearly knows how to enact statutes of limitations. If it wished to enact a special statute of limitations applicable only to fire insurance policies, it clearly could have done so. Chapter 4 of Title 8.01 contains many general and particular limitation provisions, and others are scattered through the Code; § 8.2-725 has a special provision for limitation of actions for breach of a contract for the sale of goods, for example.

Also mandating against the conclusion that other tolling provisions apply is that § 38.2-314 has a tolling provision of its own, of sorts, excluding from time computation the period spent in adjusting for a loss, but that § 38.2-2105 does not. The Supreme Court of Virginia, interpreting the similar if not identical predecessors of these sections, has held that the adjustment tolling provision is inapplicable to fire insurance policies due to the more particular provisions of § 38.2-2105, requiring suit within the specified time, with no extension for time spent in adjustment. In the words of the Supreme Court, the statute, and the policy, means what it says. "[T]he language of [the predecessor code section] is plain and specific in its requirement as to fire insurance policies, and the policy sued on in the present case was written in compliance with the requirement, which is that the suit thereon shall not be sustainable `unless commenced within twelve months next after inception of the loss'." *Ramsey v. Home Ins. Co.*, 203 Va. 502, 504 (1962). This decision reinforces two conclusions: the legislature knows how to create tolling provisions for suits on insurance contracts, and the instruction from the Supreme Court of Virginia is that the Court should enforce policies as written.

### 2. *Assumption 2*

The legislature has devoted an immense amount of attention to insurance and contracts of insurance. A brief review of this statutory backdrop provides a helpful background to understanding the function of

the provisions in question, for it shows they are part of a comprehensive regulatory scheme. An entire title of the Code, Title 38.2, is devoted to insurance. Under that Title, insurance in general, and the contents of insurance contracts in particular, is very tightly prescribed. For example, the kinds of insurance contracts which can be written and the definitions of such kinds of insurance are provided for in Chapter 2, and the required contents of contracts in general is provided in Chapter 3. In addition to § 38.2-314, the general limitation on contract provisions for filing suit at issue here, Chapter 3 has general provisions detailing required contents of policies in § 38.2-305, "Contents of Policies." It controls the provisions of forms of policies in two ways: for many kinds of policies, not including fire insurance policies, it requires each insurance company to file and obtain advance approval of its form of policy in § 38.2-316. For fire insurance policies, the form to be used is regulated by the contents of Chapter 21, an entire chapter devoted to fire insurance. That chapter has § 38.2-2105, the standard provisions paragraph at issue, and § 38.2-2107, the provision for insurance commission approval for alternative language, also at issue. It also has a great many other sections providing for restrictions on contract contents, permissible contents, unenforceable provisions, requirement for submission and approval of certain additional contents of policies, and the like. The Commission is vested with the general authority to regulate all forms of insurance (§ 38.2-316), and with specific authority to regulate fire insurance and fire insurance policies (§§ 38.2-2105 to 38.2-2107). It is plain that the contents of fire insurance policies have been scrutinized and regulated by legislative action to a very great extent and authority granted to the Commission to regulate them to an even greater extent.

Despite all of this regulation, there is nothing in the statutory scheme, or in the history of the case law interpreting it prior to the federal cases, which evinces an intent by the legislature to convert insurance contracts to something besides contracts of insurance, such as statutes of limitation. Title 38.2 refers to them throughout as contracts, policies, or agreements, as do the sections at issue. The structure of all of the sections is to dictate what must be in such contracts, what may be in such contracts, and what may not be in such contracts. Section 38.2-319 provides for the outcome if the insurer includes contractual provisions in an insurance contract which it should not — the provisions are enforceable against the insurer.

The assumption of the federal cases holding that the legislatively required period of filing suit is the equivalent of a statute of limitations is that the legislature simply lost track of the result of including the required language in the contract. However, I conclude that it is more likely that the result is precisely what was intended. I base this in part upon the foregoing and in part upon the purpose of having such language in policies. The regulation of required language of insurance contracts has a lengthy history in Virginia, and, early on, the Supreme Court of Virginia articulated

the general legislative purpose in adopting standard policy language and requiring its use: that purpose "was to assure in all cases a fair and equitable contract of insurance between the parties." *North River Ins. Co. v. Belcher*, 155 Va. 588, 605 (1930).

The single biggest difference between a statute of limitations and a contractual limitation on the time in which suit can be filed is that contractual periods are not subject to the tolling provisions of § 8.01-229. To ignore this, and hold that the two are functionally equivalent in this case is to assume that the legislature was not aware of a principal distinction between the two and did not intend the usual result as part of its balancing of the rights of the policy holder and the rights of the insurance company. An examination of § 8.01-229 shows additional reasons why it is likely that the usual consequences were intended. Section 8.01-229 has all kinds of tolling provisions in addition to the nonsuit subsection, infancy and disability of a party, for example. Fires can and do result in the disability of parties to the insurance contract and to deaths of policy holders leaving infants as the policy holders. If tolling is the result, the exposure of the insurance company, and the reserves to cover liabilities which may be unknown for many years, are likewise unknown. A core undertaking of insurance regulation is to assure policy holders that insurance companies are solvent, and a balance which assures that suit must be filed in a known period of time, with no uncertainties due to death, disability, infancy, etc., enables this undertaking. Additionally, in cases of fire, if there is no suit for years due to tolling, then perforce there is likely a building with fire damage sitting unrepaired for those same years, after which it will be impossible to ascertain the damage due to fire, versus the damage due to delay.

All of this persuades me that the usual consequences of *Massie* apply in this case, and that there is no tolling due to the nonsuit. Two years having elapsed between the date of the fire and the date of filing of this suit, I sustain the plea in bar filed by USAA and will dismiss the case as barred by the contractual limit upon filing suit.

## B. *Issue II*

The parties also submitted for decision the subsidiary issue of whether USAA was joined as a party in the initial suit. Although the decision on the first issue renders this question moot, ordinarily, an alternative ruling regarding this issue would be appropriate. However, I conclude, for reasons discussed below, that I have insufficient stipulated facts to make an alternative ruling, so I decline to make a ruling on this issue.

USAA argues that I should also, as an alternate ruling, dismiss the case because USAA was not served with process in the initial suit before the two years elapsed and that any amended complaint in that case does not relate back. Plaintiff responds that Judge Farris decided that the amended complaint in the initial suit related back so that USAA was joined as an

added party and that this decision remains binding. *See* order entered in Case No. CL11-1132 on September 7, 2011. This is in effect a *res judicata* argument. Defendant USAA replies that that suit was nonsuited, causing Judge Farris' interlocutory order to end with the nonsuit, and that USAA was never served with process in or entered an appearance in the case and, accordingly, would not be bound by the order, even if it remained in effect. In most circumstances, I would agree with USAA because ordinarily a nonsuit ends a case without anything but a dismissal without prejudice, effectively vacating any interlocutory orders, and because, generally, a party who has not been served with process, and who has not entered an appearance in a case is not bound by any orders in the case, no matter how unequivocal and apparently binding those orders may be.

However, several issues lead me to conclude that I have insufficient facts to rule on the issues presented. Judge Farris made his decision upon representations in a demurrer filed by United States Casualty Insurance Company, Inc. ("USAA Casualty") that it was not the right party defendant and that United Services Automobile Association was the correct party. Based upon this, and apparently after hearing argument and perhaps some evidence, he authorized the filing of an amended complaint, naming USAA as a party defendant, and not USAA Casualty. Such an amended complaint was filed. USAA Casualty moved to reconsider that part of his ruling which stated that the amended complaint related back, which was denied. In the interim, a second amended complaint was filed, adding some different party, but still naming USAA and not USAA Casualty Insurance Company as defendant. Then USAA Casualty, not USAA, filed an Answer to the Second Amended Complaint, responding with admissions and denials and defenses, in all respects as if it were a proper party and the named defendant, even though not named in that Second Amended Complaint and despite the protestations to the contrary in the demurrer and the motion to reconsider. The suit proceeded upon that basis for some period. Eventually, the suit was nonsuited, by order entered April 27, 2012. In that nonsuit order, Plaintiff's counsel appeared to believe that USAA had filed the Answer, because, in Plaintiff's nonsuit order, the line for Mr. Horvath's endorsement listed him as "Counsel for United Services Automobile Association," an endorsement and designation Mr. Horvath did not correct before signing. It is not clear to me based upon this whether this was an entry of a general appearance on behalf of USAA by this endorsement or an oversight. If a general appearance, then there are two consequences: USAA did enter a general appearance in the nonsuited case, albeit only by endorsement of the nonsuit order, and USAA Casualty never consented to the nonsuit. Presumably, it is a final order as to that entity nonetheless, but that entity has not been heard from on that question.

The above procedural questions feed the question raised by the fact that it is only USAA Casualty's representations in demurrer which caused Judge Farris to rule that USAA Casualty was not a proper party. Insofar as I am aware, the Plaintiff has never had any opportunity to explore the nature of USAA, represented to be an unincorporated association, and USAA Casualty, which, from pleadings it filed subsequent to Judge Farris' order, at least, is a proper party. Before deciding whether USAA was served and on the relation back issue, it would be appropriate to allow Plaintiff to explore this issue, as well as the issue of the effect of the endorsement of the nonsuit order. Therefore, I have insufficient facts to decide this issue, and I decline to rule on it.