## Richmond

### NATIONWIDE MUTUAL INSURANCE COMPANY v. RUBY S. FINLEY.

April 28, 1975.

Record No. 740578.

Present, All the Justices.

*William F. Stone, Jr.* (*Stone, Joyce, Worthy & Stone,* on brief), for plaintiff in error.

*Jackson L. Kiser* (*Young, Kiser, Haskins & Mann, Ltd.,* on brief), for defendant in error.

Per Curiam.

Ruby S. Finley (plaintiff) was injured when the automobile in which she was a passenger was involved in a collision with a truck. She filed a motion for judgment against the owner of the truck and its operator and served a copy upon Nationwide Mutual Insurance Company (Nationwide) which provided uninsured motorist coverage on the automobile. Nationwide

appeared by counsel, filed a pleading in its own name, and, in the absence of the named defendants, defended the case. On April 2, 1973, the trial court entered an order providing that "in accordance with the jury's verdict, the plaintiff recover from the defendants $25,000.00." The judgment order did not award costs or interest. Nationwide filed a notice of appeal and assigned error to an instruction. By order entered November 9, 1973, we denied Nationwide a writ of error.

On November 26, 1973, Nationwide paid plaintiff $20,000.00, the policy limit of its uninsured motorist coverage. Thereafter, plaintiff filed a motion for judgment against Nationwide claiming a total of $848.23, representing $68.50 in court costs on the April 2, 1973, judgment and $779.73 in interest on Nationwide's $20,000.00 liability from the date of the judgment to the date it made payment. By final order entered February 20, 1974, the trial court overruled Nationwide's demurrer and awarded plaintiff judgment on her total claim, plus costs and interest.

The sole assignment of error is that the trial court "erred in overruling the defendant's demurrer". Nationwide argues that "an insurer providing uninsured motorist coverage insurance is [not] liable for Court costs incurred by its insured in recovering judgment against an uninsured tort-feasor" or for "interest accrued on such judgment".

As to liability for court costs, we agree. The statutes do not make the uninsured motorist insurer a party to the tort action, and we have expressly held that it is not. *Doe* v. *Brown*, 203 Va. 508, 515, 125 S.E.2d 159, 164 (1962). At common law, costs were not allowed, and "allowance of costs depends entirely upon statute". *Scott* v. *Doughty*, 130 Va. 523, 526, 107 S.E. 729, 730 (1921). Code § 14.1-178 (Repl. Vol. 1973) allows the prevailing party costs "against the opposite party". We hold that, absent a commitment in the policy to the contrary, an insurer providing uninsured motorist coverage insurance is not liable for court costs incurred by its insured in recovering judgment against an uninsured tort-feasor.[1] Nothing in the language of the statutes indicates that the General Assembly intended such an insurer to

---

[1] Our holding does not affect the liability of such an insurer for costs on an action *ex contractu* brought by its insured upon the policy to recover on a tort judgment the insured has acquired against an uninsured tort-feasor, or liability of such an insurer for costs in this court.

be liable for such court costs, either as a part of or as an addition to the coverage required.

■ As to liability for interest, we disagree with Nationwide's argument. Interest liability, an obligation imposed by one statute, is separate and distinct from the *contract* liability imposed by another statute. As we will show, the fact that an uninsured motorist insurer is not a party to the tort action gives it no exemption from the statutory obligation to pay interest.

Code § 38.1-381(b) (Repl. Vol. 1970) requires every automobile insurance policy to contain "provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of § 46.1-1(8) [Repl. Vol. 1974]". Read together, these two sections define the quantum and quality of the coverage liability imposed upon an insurer. The latter section fixes the minimum monetary coverage; the former section restricts coverage to "damages". The interest the law allows on judgments is not an element of "damages" but a statutory award for delay in the payment of money due. *See American Auto Insurance Company* v. *Fulcher*, 201 F.2d 751 (4th Cir. 1953).

When entered, an insured's judgment against an uninsured tort-feasor becomes a liquidated debt. Under Code § 8-223 (Cum. Supp. 1974), a jury's verdict which does not allow interest "shall bear interest from its date, at the rate of eight per centum per annum, and judgment shall be entered accordingly." Code § 38.1-381(b) imposes upon the insurer a contract liability which makes the insurer, although not a party to the tort action, an obligor on that portion of the liquidated debt as does not exceed the policy coverage. Statutory interest accumulates on that portion until the insurer pays its obligation (unless the judgment be set aside), and it is irrelevant that the accumulated interest may increase the total obligation to a sum greater than the limit of coverage fixed in the insurance contract.

Nationwide argues that, even so, the interest allowed by the statute does not attach by operation of law but only when the final judgment order expressly awards interest. The record discloses that Nationwide did not state this argument as a ground for its demurrer, as a ground for objection to the trial

court's ruling on its demurrer, or as a ground for its assignment of error. We will not notice it for the first time on appeal. Rule 5:7.

Insofar as the judgment below awards plaintiff court costs incurred in acquiring the tort judgment, it is reversed. Insofar as the judgment awards plaintiff interest on Nationwide's liability under the tort judgment, it is affirmed. Final judgment in the sum of $779.73, with interest and costs, will be entered here for plaintiff.

*Affirmed in part, reversed in part and final judgment.*