ALLSTATE INSURANCE COMPANY

V.

CAROL K. EATON

Record No. 931468

September 16, 1994

Present: All the Justices

*Henry S. Carter (Schaffer & Cabell*, on briefs), for appellant.
*James G. Harrison, III; Ray P. Lupold, III (Marks & Harrison*, on brief), for appellee.

JUSTICE KEENAN delivered the opinion of the Court.

We awarded this appeal to determine whether a medical payments coverage provision in an automobile insurance policy was breached when an insured refused to submit to an independent

medical examination, because she intended to bring a separate claim under the uninsured motorist (UM) provisions of the policy.

In April 1989, Carol K. Eaton was injured in an automobile accident. She was insured under a family automobile policy, issued by Allstate Insurance Company (Allstate), which provided her medical payments coverage up to $15,000. In August 1990, after paying Eaton $2,762.97 under this policy provision, Allstate requested that she submit to an independent medical examination. Eaton refused this request and did not provide Allstate any reason for her decision.

The applicable policy language provided that "[t]he injured person shall submit to physical examination by physicians selected by the Company when and as often as the Company may reasonably require." Relying on this policy condition and Eaton's failure to comply with it, Allstate refused to pay additional bills submitted by Eaton.

On January 21, 1992, Eaton filed a motion for judgment seeking $3,322.75 in damages against Allstate, alleging that this amount represented the unpaid balance of her medical bills. Eaton also had instituted an action against Allstate, under the UM provisions of her policy, for her damages arising from the same automobile accident. Allstate's registered agent was served with a copy of Eaton's pleading in the UM action on January 30, 1992.

In the medical payments action, the parties entered into a stipulation, dated April 7, 1993, stating that Eaton's medical bills proximately resulted from the April 1989 automobile accident, that the treatments rendered were medically necessary, and that the charges for these treatments were reasonable and customary for the Richmond/Central Virginia area. Allstate also stipulated that its only defense to nonpayment of the bills was Eaton's refusal to submit to an independent medical examination.

Eaton testified that she refused Allstate's request, based on the advice of her attorney, because she intended to bring a UM claim under her policy. Lynette Brown, the Allstate claims representative who handled Eaton's medical payment claims, testified that she requested the independent medical examination in August 1990, because Eaton had sought treatment for recurrent back pain, despite an earlier medical report that had indicated she was asymptomatic.

In addition, Brown stated that Eaton was pregnant at the time of her renewed complaints, and that "based on [this fact] and the

fact she had improved at one point, we were concerned of whether the pregnancy would have some impact on her injuries so we wanted to do an independent medical exam." Brown also testified that Allstate first received notice of Eaton's intent to assert a UM claim in April 1991.

After hearing argument of counsel, the trial court ruled that, since Eaton's refusal to submit to the examination was based on her intent to file a UM claim, her refusal did not constitute a breach of contract under the medical payments provisions of the policy. The trial court further stated that its ruling was mandated by specific language in Code § 38.2-2206, the uninsured motorist statute, which provides that "nor may anything be required of the insured except the establishment of legal liability." Code § 38.2-2206(H). Based on these rulings, the trial court entered judgment for Eaton in the amount requested.

Allstate contends that the trial court erroneously relied on the UM statute in interpreting the contract provisions regarding medical payments coverage. Allstate notes that the medical payments statutes, Code §§ 38.2-2201 and 38.2-2202(A), do not contain any language restricting the right of an insurer to require an independent medical examination when a UM claim either is contemplated or is made. Thus, Allstate asserts that there are no applicable statutory restrictions, that the terms of the parties' contract are controlling, and that, under the policy terms, Eaton's refusal constituted a breach of her contract with Allstate.

In response, Eaton first argues that Allstate's pre-trial stipulation, as to the reasonableness, necessity, and causation of her medical expenses, bars consideration of the merits of this appeal. Alternatively, Eaton asserts that the trial court's judgment is supported by the language of Code § 38.2-2206(H). We disagree with Eaton as to both arguments.

Initially, we hold that Allstate's pre-trial stipulation does not bar consideration of the merits of this appeal. In its ruling, the trial court decided an issue of law based on its interpretation of the effect of Code § 38.2-2206(H) on a medical payments claim. The parties' pre-trial stipulation as to Eaton's medical expenses is not relevant to our consideration of this issue of statutory and contract interpretation. In addition, the stipulation as to Eaton's medical expenses is not relevant to this appeal because Eaton has not assigned cross-error challenging the reasonableness of Allstate's

request or the materiality of her refusal to submit to an independent medical examination. *See* Rule 5:18(b).

We next conclude that Code § 38.2-2206(H) does not supersede the medical payments provision of the policy, and that Eaton's refusal to comply with that provision constituted a breach of the contract term stipulating that "[t]he injured person shall submit to physical examinations by physicians selected by the Company when and as often as the Company may reasonably require." We construe Code § 38.2-2206(H) in its entirety, rather than the single phrase on which the trial court relied, and examine the language of that subsection in relation to the above policy provision. Code § 38.2-2206(H) provides:

No endorsement or provisions providing the coverage required by subsection A of this section shall require arbitration of any claim arising under the endorsement or provisions, nor may anything be required of the insured except the establishment of legal liability, nor shall the insured be restricted or prevented in any manner from employing legal counsel or instituting legal proceedings.

The scope of this subsection is unambiguous. By its plain language, it limits the conditions that an insurer can place on the UM coverage mandated by subsection A of Code § 38.2-2206. Since this language is unambiguous, it is not subject to judicial construction and must be applied as written. *Dairyland Ins. Co. v. Sylva*, 242 Va. 191, 194, 409 S.E.2d 127, 129 (1991). Thus, we hold that the language contained in Code § 38.2-2206(H) applies only to UM coverage and has no relevance to medical payments coverage, which is the exclusive subject of the present motion for judgment.

We also note that Code §§ 38.2-2201 and 38.2-2202(A), which set forth the requirements governing medical payments coverage in insurance contracts, contain no language prohibiting the insurer from requiring an independent medical examination when a UM claim either is contemplated or is made under the policy provisions. The General Assembly could have included such prohibitory language in these sections, but did not do so. This Court is not empowered to supply by judicial construction a requirement that the legislature has not chosen to enact. *See Greer v. Dillard,*

213 Va. 477, 479, 193 S.E.2d 668, 670 (1973); *Union Trust Corp. v. Fugate*, 172 Va. 82, 91, 200 S.E. 624, 627 (1939).

Since the terms of Eaton's insurance policy do not conflict with the above provisions of law, this Court must enforce the parties' contract as written. *See Peerless Ins. Co. v. Associates Fin. Servs. of America, Inc.*, 218 Va. 876, 879, 241 S.E.2d 792, 794 (1978); *Pilot Life Ins. Co. v. Crosswhite*, 206 Va. 558, 561, 145 S.E.2d 143, 146 (1965). Insurance policies are contracts, and their terms are construed in accordance with the general principles applicable to all contracts. *State Farm Fire & Casualty Co. v. Walton*, 244 Va. 498, 502, 423 S.E.2d 188, 191 (1992); *Carter v. Carter*, 202 Va. 892, 896, 121 S.E.2d 482, 485 (1961); *Ampy v. Metropolitan Casualty Ins. Co.*, 200 Va. 396, 400, 105 S.E.2d 839, 843 (1958).

The interpretation reached by the trial court effectively rewrote the parties' contract and added a condition to the medical payments provision to which the parties had not agreed. Further, the trial court failed to apply the plain language of the medical payments coverage terms, which does not exempt the insured from compliance with the independent medical examination requirement when a UM claim either is contemplated or is made. Thus, we conclude that the trial court erred in ruling that Eaton did not breach her contract with Allstate.

For these reasons, we will reverse the trial court's judgment and enter final judgment in favor of Allstate.

*Reversed and final judgment.*