DAIRYLAND INSURANCE COMPANY

V.

MARIA ELENA DOUTHAT

Record No. 931735

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

V.

MARIA ELENA DOUTHAT

Record No. 931741

November 4, 1994

Present: All the Justices

*Wm. Bradford Stallard (Penn, Stuart, Eskridge & Jones*, on briefs), for appellant. (Record No. 931735)

*Debra Fitzgerald-O'Connell (Robert J. Ingram; Gary C. Hancock; Gilmer, Sadler, Ingram, Sutherland & Hutton*, on brief), for appellee. (Record No. 931735)

*John D. Eure (Johnson, Ayers & Matthews*, on briefs), for appellant. (Record No. 931741)

*Debra Fitzgerald-O'Connell (Robert J. Ingram; Gary C. Hancock; Gilmer, Sadler, Ingram, Sutherland & Hutton*, on brief), for appellee. (Record No. 931741)

JUSTICE KEENAN delivered the opinion of the Court.

The sole issue in this appeal is whether Dairyland Insurance Company (Dairyland) and State Farm Mutual Automobile Insurance Company (State Farm) are required to pay prejudgment interest which, when added to the judgment award, exceeds the liability limits for damages under their insurance contracts.

Maria Elena Douthat brought a personal injury action against Allen Price Dunford arising out of an automobile accident that occurred on October 5, 1987. In that action, a jury awarded Douthat $95,000 in damages, with prejudgment interest on that sum from the date of the accident. The trial court entered judgment on the verdict on December 10, 1991.

Shortly before entry of the judgment order in the tort action, Dairyland, Dunford's automobile liability insurer, paid Douthat its policy limits of $25,000. In addition, State Farm paid Douthat $75,000, which was the maximum amount available under the uninsured/underinsured motorist (UM) coverage provision of Douthat's automobile insurance policy issued by State Farm. Douthat thus received the entire $95,000 damages awarded, plus $5,000 attributable to prejudgment interest.

Douthat then brought this action against Dairyland and State Farm (collectively, the insurers), seeking judgment for the unpaid amount of prejudgment interest awarded in the tort action. The insurers asserted that they were not obligated by the terms of their policies to pay Douthat any amounts of prejudgment interest that exceeded their combined policy limits.

Neither of the policies issued by the insurers specifically addressed the subject of prejudgment interest. Dairyland's liability policy provided, under "Limits of Liability," that

[t]he limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages . . . arising out of bodily injury sustained by one person as the result of any one occurrence[.]

Under a "Supplementary Payments" provision, Dairyland further agreed

[t]o pay, in addition to the applicable limits of liability:

(a) all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon[.]

State Farm's policy issued to Douthat provided UM coverage, subject to the limits of liability insurance in its policy, obligating State Farm to pay Douthat "all sums" which she was "legally entitled to recover as damages from [the underinsured tortfeasor, Dunford,] because of bodily injury sustained by [Douthat] . . . caused by accident and arising out of [Dunford's use of an underinsured] motor vehicle." The policy further provided that any amount payable by State Farm would be reduced by sums paid by or on behalf of Dunford, the underinsured motorist.

After reviewing the policy provisions, the trial court entered summary judgment for Douthat, ruling that "current statutory and case law establishes pre-judgment and post-judgment interest, and requires the payment of such even though it may exceed the limits stated in the policy." The trial court found that Douthat was entitled to an additional $27,175.56 in prejudgment interest that had accrued before the insurers made payment in the amount of their policy limits. The court entered judgment against the insurers in amounts totalling $27,175.56, apportioned in accordance with the principal amounts they had paid pursuant to their respective policy limits.

On appeal, the insurers argue that the trial court erred in imposing liability on them beyond their contractual duties. The insurers contend that the trial court failed to distinguish between the insurers' duties under their contracts of insurance and the duties that Code § 8.01-382 imposes upon a judgment debtor. While the insurers agree that prejudgment interest is an element of compensatory damages payable under their contracts of insurance, they assert that the amount of such interest they must pay is subject to their policy limits.

In response, Douthat argues that the statutory provision for interest in Code § 8.01-382 makes no distinction between interest accruing prejudgment or postjudgment, and that this statute obligates the insurers to pay prejudgment interest in excess of their policy limits. She further contends that this Court's holding in *Nationwide Mutual Insurance Co. v. Finley*, 215 Va. 700, 214 S.E.2d 129 (1975), supports the trial court's ruling. We disagree with Douthat.

Initially, we observe that insurance policies are contracts whose terms are construed in accordance with the general principles applicable to all contracts. *Allstate Ins. Co. v. Eaton*, 248 Va. 426, 431, 448 S.E.2d 652, 655 (1994); *State Farm Fire & Casualty*

*Co. v. Walton*, 244 Va. 498, 502, 423 S.E.2d 188, 191 (1992). If the terms of an insurance policy do not conflict with any provision of law, the terms of the contract, as written, will govern and limit the extent of recovery under the policy. *See Eaton*, 248 Va. at 431, 448 S.E.2d at 655; *Peerless Ins. Co. v. Associates Fin. Servs. of America, Inc.*, 218 Va. 876, 879, 241 S.E.2d 792, 794 (1978).

■ In the present case, Douthat does not argue that either insurer undertook in its policy to pay prejudgment interest in excess of its policy limits. Moreover, we find nothing in the language of either policy that expressly requires such payment. Thus, our inquiry here is limited to determining whether any provision of law precludes the enforcement of these contracts as written.

Code § 8.01-382, on which Douthat relies, provides in material part that

> in any action at law or suit in equity, the verdict of the jury, or if no jury the judgment or decree of the court, may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence. The judgment or decree entered shall provide for such interest until such principal sum be paid. If a judgment or decree be rendered which does not provide for interest, the judgment or decree awarded shall bear interest from its date of entry, at the rate as provided in § 6.1-330.54, and judgment or decree entered accordingly; provided, if the judgment entered in accordance with the verdict of a jury does not provide for interest, interest shall commence from the date that the verdict was rendered.

■ By its express language, Code § 8.01-382 draws an important distinction between prejudgment and postjudgment interest. This section provides for the *discretionary* award of prejudgment interest by the trier of fact, who "may provide for" such interest and fix the time of its commencement. The accrual of postjudgment interest, however, is *mandatory*; the entire amount of a judgment or decree "shall bear interest" from its date of entry.

■ Underlying this distinction is the principle that "[p]rejudgment interest is normally designed to make the plaintiff whole and is part of the actual damages sought to be recovered." *Monessen Southwestern Ry. v. Morgan*, 486 U.S. 330, 335 (1988); *see also Allstate Ins. Co. v. Starke*, 797 P.2d 14, 19 (Colo. 1990); *Buckhannon-Upshur County Airport Auth. v. R &*

*R Coal Contracting, Inc.*, 413 S.E.2d 404, 408 (W. Va. 1991). In contrast, postjudgment interest is not an element of damages, but is a statutory award for delay in the payment of money actually due. *Nationwide Mut. Ins. Co. v. Finley*, 215 Va. at 702, 214 S.E.2d at 131.

■ In *Finley*, an insurer providing UM coverage argued that it was not liable to pay postjudgment interest in excess of its policy limits. This Court disagreed, explaining that the statutory requirement of postjudgment interest is based on the liquidated nature of the debt owed by the insurer. *Id.* Thus, although the insurer's duty to pay damages is a contractual liability, enforced by the insurance statutes, the duty to pay postjudgment interest is an extra-contractual obligation that is imposed as a statutory penalty for failure to pay a liquidated debt when due. *Id.*

■ Since there is no corresponding statutory requirement for the payment of prejudgment interest, *Finley* is not dispositive of the issue before us. Rather, because no such obligation is imposed by Code § 8.01-382 or any other statute, we hold that an insurer has no duty to pay prejudgment interest in excess of its policy limits, absent a contractual provision to the contrary.

■ In the present case, the trial court effectively rewrote the parties' insurance contracts in the absence of any overriding statutory requirement, and it imposed on the insurers an obligation that they had not contracted to assume. Therefore, we conclude that the trial court's judgment is in error. *See Eaton*, 248 Va. at 431, 448 S.E.2d at 655.

Finally, we note that the holding we reach here accords with the view of the majority of courts that have addressed this issue. *See, e.g., Starke*, 797 P.2d at 18-22; *Nunez v. Nationwide Mut. Ins. Co.*, 472 A.2d 1383, 1384-85 (Me. 1984); *Laplant v. Aetna Casualty & Sur. Co.*, 219 A.2d 283, 285 (N.H. 1966); *Russo v. Kemper Group*, 537 N.Y.S.2d 200, 202 (N.Y. App. Div. 1989); *Carney v. State Farm Mut. Auto. Ins. Co.*, 877 P.2d 1113, 1115-19 (Okla. 1994); *Factory Mut. Liab. Ins. Co. of America v. Cooper*, 262 A.2d 370, 372-74 (R.I. 1970); *Nielsen v. O'Reilly*, 848 P.2d 664, 670 (Utah 1992); *Buckhannon-Upshur County Airport Auth.*, 413 S.E.2d at 407-11.

For these reasons, we will reverse the trial court's judgment and enter final judgment in favor of Dairyland and State Farm.

*Reversed and final judgment.*