COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Duff
Argued at Alexandria, Virginia


FREDERICK SYLVESTER HIRD, JR.

                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0892-99-4           JUDGE CHARLES H. DUFF
                                         MARCH 21, 2000
MARGARET JANE CRYOR GAYNOR


              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                        Paul F. Sheridan, Judge

          William B. Cummings (William B. Cummings,
          P.C., on briefs), for appellant.

          Edward V. O'Connor, Jr. (Byrd Mische P.C., on
          brief), for appellee.


     Frederick Sylvester Hird, Jr. appeals the decision of the

circuit court holding that Margaret Jane Cryor Gaynor was not

required to pay him accrued interest following the equitable

distribution award entered by the trial court in 1994.  We find

that the trial court did not err when it ruled that this issue was

previously addressed in an earlier decision by this Court.  Under

the doctrines of res judicata and the law of the case, this matter

may not be raised again on a subsequent appeal.  Accordingly, we

affirm the decision of the trial court.

───────────────

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

PROCEDURAL HISTORY

This is the eleventh appeal filed by these parties arising from their divorce and the equitable distribution of their marital property. Gaynor filed her bill of complaint in 1984. The trial court entered a decree of divorce on October 28, 1985, and the Initial Decree of Equitable Distribution on October 29, 1986. Gaynor appealed the equitable distribution award and, in 1988, we found that the trial court erred by failing to specify the amount of the monetary award. See Gaynor v. Hird, No. 1393-86-4 (Va. Ct. App. Oct. 4, 1988). In that opinion, we stated:

> A monetary award must state the amount which must be paid to satisfy it. A monetary award must be "payable either in a lump sum or over a period of time in fixed amounts." Code § 20-107.3. It is equivalent to a money judgment and must be satisfied in the same manner. Brown v. Brown, 5 Va. App. 238, 246, 361 S.E.2d 364, 368 (1987).

Id. at 1-2. In 1991, we held that the trial court was required to apply the version of Code § 20-107.3 that was in effect at the time this matter was filed in 1984. See Gaynor v. Hird, 11 Va. App. 588, 590-93, 400 S.E.2d 788, 789-90 (1991). Unlike the current version of Code § 20-107.3, the version of Code § 20-107.3 in effect at the time this case commenced did not expressly authorize or prohibit the application of Code § 8.01-382, requiring interest on judgments, to monetary awards.

In a subsequent appeal, we ruled that the trial court erred when it failed to award Gaynor the fair market rental value of

-

her one-half interest in the marital residence. We stated that "[a]ny award in her favor shall bear interest from the time it is due." Gaynor v. Hird, 15 Va. App. 379, 382, 424 S.E.2d 240, 242 (1992).[1]

Following a hearing on remand, the trial court, on April 19, 1994, ordered "that judgment [for Hird] is entered in the amount of $136,081.43 [plus accruing interest at $6.891 per day until entry of this judgment] and shall be entered on the docket of the Circuit Court, to be reduced by $130,000 when the escrow payment is made." Gaynor appealed this order, as well as two other orders entered by the trial court.

We issued three separate opinions on August 1, 1995. In Gaynor v. Hird, No. 0927-94-4 (Va. Ct. App. Aug. 1, 1995), we addressed Gaynor's appeal of the trial court's April 19, 1994 order awarding interest to Hird. She argued that the applicable version of Code § 20-107.3

> did not provide for the rendering of a judgment for a monetary award. Only much later did the legislature provide for a monetary award to be classified as a judgment. No mention was made at the November 23, 1993 hearing of a request for interest in these items, yet now an award is made to Hird. There is no basis in the record for this award. Consequently, the issue was not before the trial court and such an award cannot stand.

---

[1] In Gaynor v. Hird, No. 1113-93-4 (Va. Ct. App. Apr. 26, 1994), we ruled that there was no merit to Gaynor's claim that the trial court erred in bifurcating the settlement of the allotment from the accounting of rent she was due.

-

We held that Hird was not entitled to any prejudgment interest arising from 1986. Gaynor, No. 0927-94-4, slip op. at 7. We also ruled that "the amount that equalized the division of the marital personal property was not a separately due and payable award, and it was error to treat it as such." Id. at 8. We then stated: "Additionally, the version of Code § 20-107.3(D) in effect when this case was filed does not provide that a monetary award is a judgment and that the interest of provisions of Code § 8.01-382 apply." Id.

In Gaynor v. Hird, No. 1227-94-4 (Va. Ct. App. Aug. 1, 1995), we found that the trial court erred when it ruled that Gaynor was entitled to one-half the rental value of the former marital residence occupied exclusively by Hird, but was required to reimburse Hird for all mortgage, taxes and insurance expenses he paid. We held that Gaynor, as a co-tenant not in possession, was entitled to one-half the monthly rental value of $2,000 for the period October 1, 1985 to June 29, 1993, reduced by one-half the mortgage and taxes paid by Hird, and including credits for any expenses previously paid by Gaynor. We also directed the trial court to include an award of "interest, at the legal rate of interest, on the monthly amount accruing from October 1, 1985 [the date of divorce]."[2]

---

[2] The third opinion in Record No. 0928-94-4 issued on August 1, 1995 remanded the determination of costs incurred by Hird in connection with a proceeding to partition the property and is

-

During the hearing on remand, the trial court and the parties explicitly discussed the question of interest payable to Hird based upon our ruling in Gaynor, No. 0927-94-4.  In its order entered September 23, 1996, the trial court held that based upon our decision in No. 0927-94-4, it could not award Hird amounts attributable to interest.  Gaynor subsequently appealed this order, which was affirmed in all respects in our decision of June 9, 1998.[3]

By motions filed in February 1999, Hird sought to recover certain costs, including interest accrued since the 1994 judgment.  By order entered March 26, 1999, the trial court found that "the Court of Appeals of Virginia addressed the issue of the award of interest on the equitable distribution award in this case in the Court's written opinion in Record No. 0927-94-4 issued August 1, 1995," and "based upon the written opinion" of this Court, "no interest can be awarded to [Hird] on the equitable distribution monetary award."  Hird appealed the trial court's ruling.

## ANALYSIS

The trial court correctly ruled that our previous decisions precluded Hird from recovering interest on the equitable

---

not directly relevant to the issue raised in the immediate appeal.

[3] This opinion consolidated Gaynor's appeals in Record Nos. 1224-97-4, 1841-97-4, and 1907-97-4.

-

distribution monetary award.  The doctrines of <u>res</u> <u>judicata</u> and the law of the case bind us to the language of our previous decisions.

Hird contends that our 1988 decision in <u>Gaynor</u>, No. 1393-86-4, required the payment of accrued interest.  He overstates our holding in that decision.  We found that the trial court erred by failing to specify the amount of the monetary award, stating that "[a] monetary award . . . is equivalent to a money judgment and must be satisfied in the same manner."  <u>Id.</u> at 1-2.  Hird, citing Code § 8.01-382 and <u>Dairyland Ins. Co. v. Douthat</u>, 248 Va. 627, 449 S.E.2d 799 (1994), extrapolates from this statement that "it followed automatically that interest accrued on the judgment from the date of entry."  As noted earlier, the version of Code § 20-107.3 in effect at the time this case commenced did not expressly authorize, or prohibit, the application of Code § 8.01-382, requiring interest on judgments, to monetary awards.

Furthermore, on remand of our decision in <u>Gaynor</u>, No. 0927-94-4, the trial court relied on that decision when it entered its decree on September 23, 1996.  The transcript of the September 23, 1996 hearing demonstrates that the parties expressly referred to and discussed our opinion in No. 0927-94-4.  Based upon its reading of that opinion, the trial court denied Hird's request for interest on the 1994 equitable distribution award.  Hird did not appeal that decree,

-

which was affirmed by opinion of this Court on June 9, 1998. Thus, for the purposes of this proceeding, the issue was resolved and the parties are precluded from revisiting that issue again. It is final for purposes of this case. See generally Highsmith v. Commonwealth, 25 Va. App. 434, 443, 489 S.E.2d 239, 243 (1997).

> A judgment on the merits, fairly rendered, by a court of competent jurisdiction, having cognizance both of the parties and the subject matter, however erroneous it may be, is conclusive on the parties and their privies until reversed or set aside in a direct proceeding for that purpose, and it is not amenable to collateral attack.

8B Michie's Jurisprudence, Former Adjudication or Res Judicata § 10 (1996) (citations omitted).

Accordingly, the decision of the circuit court is affirmed.

Affirmed.