## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Gilbert

v.

Pierce et al.

May 18, 2001

Case No. L98-1005

BY JUDGE DEAN W. SWORD, JR.

This matter comes before the court on the issue of the proper application of interest awarded by a jury upon the trial of this matter. The jury awarded a verdict in the amount of $70,000.00 together with interest at the lawful rate from November 5, 1996. Normally this would be a simple matter; however, prior to trial, the plaintiff reached a settlement of $20,000.00 with all of the defendants except the City of Portsmouth and, pursuant to a covenant not to sue received that money on February 8, 2001.

It is agreed by both parties that, pursuant to Virginia Code § 8.01-35.1, the City is entitled to a credit of $20,000.00 towards the verdict. The parties cannot agree as to whether interest awarded by the jury pursuant to Virginia Code § 8.01-38.2 shall be computed upon the $70,000.00 verdict or the $50,000.00 amount after applying the appropriate credit.

Counsel have been unable to direct the court to any decision of the Virginia appellate courts that address our question, and a search by the court also came to an unproductive end. A reading of the applicable statutes also do not provide any direct guidance.

It should be observed that, prior to the enactment of Virginia Code § 8.01-35.1, there was no way to "settle" with one tort feasor without releasing all others. *Fairfax Hosp. System v. Nevi*, 249 Va. 591, 594, 457 S.E.2d 10 (1995), and the cases cited therein. As *Fairfax Hospital* notes, the common law rule still applies in Virginia. This statute allows a party at its own risk to settle and be released from any further liability. The use of this statute

precludes any action "by way of contribution." Virginia Code § 8.01-35.1(2)(B).

The issue of interest upon a verdict is not addressed by 8.01-35.1 but is the subject of 8.01-382. The court is of the opinion that the answer to our question lies in this statute and in two cases construing it.

Virginia Code § 8.01-382 establishes two types of interest: prejudgment and postjudgment. These two types of interest are applied differently. Prejudgment interest is the subject of discretion granted to the trier of fact, "the verdict . . . may provide for interest." On the other hand, the judgment on any verdict "shall provide for such interest until such principal sum be paid. Virginia Code § 8.01-382.

The case of *Dairyland Ins. Co. v. Douthat*, 248 Va. 627, 449 S.E.2d 799 (1994), provides interesting insight as to how the Supreme Court views prejudgment interest as contrasted with postjudgment interest. First, noting the distinction as to application contained in the statute, the court opines "underlying this distinction is the principle that 'prejudgment interest is normally designed to make the plaintiff whole and is part of the actual damages sought to be recovered.' (Citations omitted.) In contrast, postjudgment interest is not an element of damages, but is a statutory award for delay in the payment of monies actually due. (Citation omitted.)" *Id.* at 632; see also *Pulliam v. Coastal Emergency Services*, 257 Va. 1, 25, 509 S.E.2d 307 (1999), citing *Dairyland* as controlling authority.

While I would note that factually both of these cases are inapposite, the logical extension of the rule set out therein can only lead to the conclusion that the plaintiff in our case is entitled to interest on the full amount with some modification. I reach this conclusion by applying the rule that prejudgment interest is a part of the damage award.

Thus the court awards interest as follows:·

(A) Upon $70,000.00 from November 5, 1996, until February 22, 2001, the date of the jury verdict and the end of the prejudgment period.

(B) Upon $50,000.00 from February 22, 2001, until paid, said interest at this point becoming postjudgment and subject to credits by way of payment to the plaintiff.