COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Benton and Petty
Argued at Richmond, Virginia


BABETTE C. WHITNEY
                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 2192-06-2                        JUDGE JAMES W. BENTON, JR.
                                                             MAY 15, 2007
CHRISTOPHER J.R. WHITNEY


           FROM THE CIRCUIT COURT OF HANOVER COUNTY
                     John Richard Alderman, Judge

          Donald K. Butler (ButlerCook, L.L.P., on briefs), for appellant.

          Terrence R. Batzli (Tracy H. Spencer; Batzli Wood & Stiles, PC, on
          brief), for appellee.


        This matter arises from an action to enforce the parties' separation agreement.  Babette

Whitney contends the trial judge erred in refusing to award her judgment interest on unpaid

expenses and in refusing to order reimbursement for certain other expenses.  Christopher Whitney

contends the trial judge erred by refusing to grant him credit against his financial obligation to his

wife for mortgage payments he made pursuant to a *pendente lite* order.  We reverse the trial judge's

rulings limiting judgment interest and payment of accounting fees, and we affirm the judge's denial

of the wife's request for reimbursement for other expenses and denial of the husband's request for

credit for his mortgage payments.

                                              I.

        The parties married December 29, 1971 and separated February 14, 1997.  Six months

before their separation, they entered into an "Agreement and Stipulation" to determine matters

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"both now and in the future, concerning custody, visitation, support, spousal support, equitable distribution and attorney's fees and costs." Section 4 of the Agreement, which contained several handwritten interlineations, provides, in part, as follows:

> (a) Husband agrees that he will pay child support under the guidelines then in effect in the Commonwealth of Virginia.
>
> (b) Husband further agrees that he will maintain hospitalization insurance for Wife and children and will pay all medical, dental and psychological expenses not covered by said insurance.
>
> (c) Husband agrees that he will pay all school and college tuition, book fees and living expenses for the children.
>
> (d) In the event the parties separate, . . . Husband shall pay to Wife spousal support & child support in an amount to be no less than Thirty Five Hundred Dollars per month beginning the month that the parties separate.
>
>        *     *     *     *     *     *     *
>
> (f) Husband & Wife agree that in the event of failure of the reconciliation and separation of the parties he will pay all attorneys' fees and costs incurred as a result of the separation and subsequent divorce.

During the divorce litigation, the trial judge entered a *pendente lite* order, requiring the husband to pay child and spousal support and to make mortgage payments on the marital home. On December 16, 1998, the trial judge entered a decree granting the parties a divorce, ordering spousal support, child support and custody, and remanding to a commissioner in chancery issues concerning interpretation of the Agreement.

Following an evidentiary hearing, the commissioner in chancery ruled the Agreement was unambiguous, found the wife incurred legal fees in the amount of $62,390.36 and accounting expenses in the amount of $30,258.90, and the commissioner ruled those fees and expenses were reasonable. In his report, which was filed April 17, 2000, the commissioner ordered the husband to pay both amounts within thirty days of the filing of the report. On August 22, 2000, the trial judge entered two orders: one confirmed the commissioner's report

- 2 -

and also affirmed, ratified and incorporated by reference the Agreement into the final decree; the other "ordered that the amount of attorney's fees . . . is fixed as of June 30, 2000 in the amount of $67,640.36."

The husband appealed to this Court from the trial judge's order confirming the commissioner's report and affirming the Agreement. In an unpublished opinion, Whitney v. Whitney, Record No. 2267-00-2 (Va. Ct. App. Oct. 2, 2001), we affirmed the judgment order, and we held the record supported the trial judge's order confirming the commissioner's report and incorporating the Agreement into the divorce decree.

Several months after we issued the opinion, the wife filed in the trial court a motion to enforce the prior orders. She alleged the husband had failed to pay expenses in compliance with the terms of the Agreement, failed to pay attorney's fees and costs, and failed to reimburse her for other expenses. Prior to the evidentiary hearing, the trial judge ordered the husband to pay to the wife within forty-five days the attorney's fees and accounting fees assessed by the commissioner on April 17, 2000 and confirmed by the trial judge's August 22, 2000 orders.

At the evidentiary hearing, both parties presented witnesses and exhibits on the issues of the wife's fees, costs, and expenses. The trial judge ruled the husband and the wife were equally responsible for the fees of the accountant who documented the wife's expenses at the evidentiary hearing; the husband was to reimburse the wife $1,276 for the unpaid balance owed for attorney's fees under the August 22, 2000 order; the husband was responsible to reimburse the wife for various other specified expenses; the husband was not responsible for tutoring expenses incurred for the benefit of a child at the Sylvan Learning Center; and the husband was not responsible for expenses incurred by the wife for "health food supplements, vitamins, or over-the-counter additives." The judge's order also denied the husband's request for credit for mortgage payments required of him by the *pendente lite* order and denied the wife's request for

"interest on attorney's fees, medical expenses, educational expenses, and health insurance expenses." The order further provided that "interest on the sums [ordered to be paid] herein shall accrue at the judgment rate, as provided for in Virginia Code Section 6.1-330.54, commencing ninety (90) days from the date of this order, unless sooner paid."

## II.

The wife contends the trial judge erred in (1) ruling she was not entitled to interest on unpaid accounting fees and attorney's fees assessed by the orders entered in 2000; (2) failing to award her judgment interest on unpaid medical expenses, health expenses, school expenses, and other expenses in the nature of child and spousal support; (3) refusing to award reimbursement for expenses incurred by their child at the Sylvan Learning Center; (4) failing to order the husband reimburse her for certain "health care expenses"; and (5) failing to require the husband pay all the accounting expenses she incurred in connection with the hearing.

### Judgment Interest on Attorney's Fees and Expert's Fees

The trial judge specifically denied the wife's motion for interest on the attorney's fees and expert's fees awarded in 2000. Citing Code § 8.01-382, wife argues that the two August 22, 2000 orders, granting fees for her expert and attorney, entitled her to receive interest at the judgment rate from the date of entry through the date of payment. Husband contends the orders do not constitute money judgments. He argues the order does not permit interest because the trial judge declared only that the fee amount was "fixed" and struck the "judgment language" from the order. He further argues that Code § 20-107.3(D), which provides that monetary awards "shall constitute a judgment," implies attorney fee awards entered in divorce proceedings are not judgments.

By statute, "a decree or order requiring the payment of money, shall have the effect of a judgment for such . . . money, and be embraced by the word 'judgment.'" Code § 8.01-426; see

- 4 -

e.g. Bennett v. Commonwealth, 15 Va. App. 135, 141, 422 S.E.2d 458, 462 (1992) (holding that "a spousal support order is . . . an order requiring the payment of money and is a judgment embraced within the provisions of Code § 8.01-426"). Another statute expressly mandates that if a judgment "does not provide for interest, the judgment or decree awarded . . . shall bear interest at the judgment rate of interest as provided for in [Code] § 6.1-330.54 from the date of entry." Code § 8.01-382.

The orders entered by the trial judge on August 22, 2000 required the husband to pay expenses pursuant to the parties' Agreement. One order confirmed the commissioner's report, which required the husband to pay for the accounting fees "the sum of $30,258.90 within thirty (30) days of the date of the filing of this Report" and to "pay all attorney's fees . . . within thirty (30) days of the date of the filing of this Report." The other order was styled "Order for Judgment" and "[o]rdered that the amount of attorney's fees . . . is fixed as of June 30, 2000 in the amount of $67,640.36." Although the trial judge deleted the words "judgment is hereby entered" from the body of the latter order and inserted "the amount of attorney's fees . . . is fixed," the combined effect of the orders required the payment of expert's fees and attorney's fees. Simply put, the orders required the payment of money assessed against the husband as an obligation under the Agreement; they constitute, therefore, enforceable money judgments. See American Standard Homes Corp. v. Reinecke, 245 Va. 113, 124, 425 S.E.2d 515, 520 (1993) (holding, when provided by contract, the trial judge may "enter a money judgment enforcing the attorney's fees commitments as legal claims *ex contractu*").

The accrual of post-judgment interest is mandatory. Dairyland Insurance Co. v. Douthat, 248 Va. 627, 631-32, 449 S.E.2d 799, 801 (1994). The Supreme Court held in Dairyland that "postjudgment interest is not an element of damages, but is a statutory award for delay in the payment of money actually due." 248 Va. at 632, 449 S.E.2d at 801. We hold, therefore, that

- 5 -

the trial judge erred in ruling the wife was not entitled to post-judgment interest on the judgments for fees awarded to the wife by the orders entered in 2000.

<u>Delay of Judgment Interest</u>

The trial judge limited the interest due on other expenses owed to the wife by ruling that "interest on the sums set forth [in the order] shall accrue at the judgment rate, as provided in [Code §] 6.1-330.54 commencing ninety (90) days from the date of this order, unless sooner paid by the [husband]." The wife argues the trial judge had no authority to postpone the accrual of post-judgment interest. The husband argues the trial judge did not abuse his discretion.

The statute specifically provides that a "judgment . . . *shall* bear interest . . . from *the date of entry.*" Code § 8.01-382 (emphasis added). Under this statute, the trial judge did not have the authority to delay the accrual of post-judgment interest involving moneys owed under the parties' contract. Although the husband argues Code § 20-107.3(D) supports the judge's ruling, this case is distinguished from the trial judge's discretionary authority in matters of equitable distribution. Code § 20-107.3(D) provides, in part, that "[a]n award entered pursuant to this subsection shall constitute a judgment within the meaning of [Code] § 8.01-426 and . . . [t]he provisions of [Code] § 8.01-382, relating to interest on judgments shall apply unless the court orders otherwise." In other words, Code § 20-107.3(D) explicitly grants the trial judge discretionary authority regarding post-judgment interest where the judge grants a "monetary award" in the course of the equitable distribution of marital property. <u>See</u> <u>Ragsdale v. Ragsdale</u>, 30 Va. App. 283, 293, 516 S.E.2d 698, 703 (1999) (holding the wife not entitled to post-decree interest where the order instructed the husband to make equitable distribution payment within thirty days of entry of order and the record contained no proof husband did not comply with order).

The present matter, however, does not involve the granting of a monetary award under the equitable distribution statute. This is a contract dispute about support obligations. Thus, the trial judge lacked the authority to postpone the accrual of interest and to decree that the wife was not entitled to post-judgment interest in accordance with Code § 8.01-382. See Dairyland, 248 Va. at 632, 449 S.E.2d at 802 (holding "the duty to pay postjudgment interest is an extra-contractual obligation that is imposed as a statutory penalty for failure to pay a liquidated debt when due"). To the extent the trial judge postponed the accrual of post-judgment interest for ninety days on moneys he ordered the husband to pay the wife, we hold the postponement was error.

Interest for Other Expenses Ordered by the Decree

The trial judge ruled in his order "that the [wife's] request for interest on attorney's fees, medical expenses, educational expenses, and health insurance expenses, is denied for the reasons noted by the Court." The judge's letter opinion is the only place in the record disclosing his reasons. There, he ruled that the husband "will not be charged interest on this award if he pays within ninety days from the date the order is signed" and further that interest will accrue after that time as provided in Code § 6.1-330.54.

Wife argues the "other expenses" the trial judge ordered the husband to pay are in the nature of child and spousal support and, by statute, interest on these expenses accrued from the date they became due until the date of payment. The husband responds that the "provision for medical expenses and educational expenses are not necessarily support provisions." He also argues Code § 8.01-382 does not apply because the "the trial court specifically stated that there was no interest to be charged."

Paragraph 4 of the Agreement contains separate subparagraphs addressing child support, spousal support, medical and health insurance expenses, education expenses, costs, and

attorney's fees. The Agreement was affirmed, ratified, and incorporated into the final decree of divorce. The final decree also expressly ordered the husband to pay $646 monthly as child support; to "maintain hospital and medical insurance on both children"; and to pay the wife "$3000 per month . . . as spousal support." In addition, the final decree contained statutory notice pursuant to Code § 20-60.3 concerning support payments.

Subsection 12 of Code § 20-60.3 provides "the support obligation as it becomes due and unpaid creates a judgment by operation of law." The statute expressly includes both child support and spousal support payments in this category. Because health care coverage is required in an order for support, see Code § 20-60.3(2); Zubricki v. Motter, 12 Va. App. 999, 1002, 406 S.E.2d 672, 674 (1991), expenses related to health care coverage are "in the nature of child and spousal support." The husband had an obligation to pay support, including health insurance expenses, when due, and his failure to do so created a judgment by operation of law. See e.g., Mackie v. Hill, 16 Va. App. 229, 232-33, 429 S.E.2d 37, 39 (1993) (holding that "[b]y incorporating the [separation] agreement, the divorce decree satisfied the requirements of Code § 20-60.3"). Wife is entitled to interest on the judgment for those support payments as provided by statute. See Dairyland, 248 Va. at 631, 449 S.E.2d at 801.

The other expenses provided for in the Agreement, however, are not support-related expenses because the language of the Agreement indicates the parties regarded these expenses as distinct from support.[1] Cf. Smith v. Smith, 18 Va. App. 427, 435, 444 S.E.2d 269, 275 (1994) (holding the child support statutory scheme implies educational expenses are included in the presumptive amount of child support calculated under the Code). Because the other expenses are not in the nature of support as contemplated by the Agreement, the wife was not entitled to

---

[1] The other expense obligations the husband was ordered to pay included reimbursement to the wife for commissioner's fees, accounting fees, court reporter fees, and other expenses of litigation.

- 8 -

interest on these payments prior to entry of the August 15, 2006 order. Moreover, to the extent wife argues the trial judge erred in failing to award prejudgment interest, we hold the trial judge acted within his discretion. See Ragsdale, 30 Va. App. at 292, 516 S.E.2d at 702 (holding that under Code § 8.01-382 an award of prejudgment interest is within the sound discretion of the trial judge).

Sylvan Learning Center Expenses

The wife contends she is entitled to reimbursement for expenses incurred for tutoring services to bring the parties' minor child "up to grade level." She argues the language of the Agreement is "broad enough to cover [these] expenses." The husband argues the services were "not part of the school's program" and, therefore not "school expenses" as contemplated by the Agreement.

The Agreement provides that the "Husband agrees that he will pay all school and college tuition, book fees and living expenses for the children." At the evidentiary hearing, the wife testified the child's school recommended the child receive services from Sylvan Learning Center because she was "found to be behind . . . in all her classes." In his opinion letter, the trial judge explained that this expense was "neither college [n]or school tuition, nor a book fee, it is not covered by the [Agreement]." Thus, the order ruled the husband was "not responsible for the expenses incurred . . . with the Sylvan Learning Center."

"Where the agreement is plain and unambiguous in its terms, the rights of the parties are to be determined from the terms of the agreement and the court may not impose an obligation not found in the agreement itself." Jones v. Jones, 19 Va. App. 265, 268-69, 450 S.E.2d 762, 764 (1994). The plain language of the agreement requires the husband to pay all school *tuition*, not, as wife argues, all school *expenses*. Cf. Douglas v. Hammet, 28 Va. App. 517, 524, 507 S.E.2d 98, 101 (1998) (holding the phrase, "expenses for college education," in parties' separation

- 9 -

agreement included "tuition, room, board, books, fees, clothing, allowances and incidentals").

The trial judge's decision about the nature of the expense was a factual determination that was not plainly wrong. We hold, therefore, the evidence supports the trial judge's ruling applying the terms of the Agreement to this expense.

Over-the-Counter Medication Expenses

The wife contends the trial judge improperly excluded from reimbursement her "health food supplements, vitamins, or other over-the-counter additives" by using an "overly strict" interpretation of the word "medical."

The Agreement requires the husband to "pay all medical . . . expenses not covered by the [wife's medical] insurance." At the hearing, the wife submitted as evidence a document titled "Miscellaneous Medical Expenses," and she testified the document included descriptions of purchases of over-the-counter calcium and other supplements likewise available over-the-counter. The trial judge ruled that "[a]ny bills in this category that are doctor's bills or represent prescriptions administered by doctors are payable under the Agreement. Any expense for a health food supplement, vitamin, or other non-doctor prescribed additive is not covered under the Agreement."

When the terms of an Agreement are clear and unambiguous, judges are required to give those terms their plain meanings. Plunkett v. Plunkett, 271 Va. 162, 167, 624 S.E.2d 39, 42 (2006). "[W]ords the parties use are normally given their 'usual, ordinary, and popular meaning.'" Douglas, 28 Va. App. at 525, 507 S.E.2d at 102 (quoting D.C. McClain, Inc. v. Arlington County, 249 Va. 131, 135, 452 S.E.2d 659, 662 (1995)). The question of which expenses were reimbursable as medical expenses was a factual matter for the trial judge to

determine.  See id.  The trial judge did not err in ruling the expenditures for over-the-counter vitamins and supplements were not "medical expenses" as contemplated by the terms of the Agreement.

### Fees for the Accountant

The wife contends the trial judge erred in ruling the husband was responsible for only one-half the accounting fees owed to Stephens & Associates.  She argues the accounting services were related to enforcing the terms of the Agreement and were necessary to satisfy the "strict proof" demanded by the husband for her claimed expenses.  The husband argues the wife chose to hire the accounting firm to provide a summary of her expenses and the documents produced did not require an accounting background.

The wife testified she hired the accountant to prepare an exhibit of the expenses because she received no response from the husband when she sent him a request for reimbursements and later received a letter from his attorney asking for verifications.  The accountant testified he examined the expenses and receipts and prepared an exhibit categorizing the various expenses according to the Agreement.  He testified he sent a draft of the exhibit to the husband's attorney and was later informed "full documentation" was needed.  The accountant then prepared the exhibit showing payments and receipts.

The Agreement provides the husband is to "pay all attorneys' fees and costs incurred as a result of the separation and subsequent divorce."  The judge explained that because the husband "demand[ed] strict proof thereof, I guess you have to expect the sort of strict proof that you get." He ruled, however, "that Mr. Stephens's engagement resulting in this hearing today is one that ought to be a mutual expense, both of them ought to bear it."

The record reflects, and the husband does not contest, that the wife's action to enforce the Agreement is a "result of" the divorce.  The judge did not rule this was an unnecessary expense.

- 11 -

Indeed, in his explanation the judge implicitly ruled the wife's engagement of the accountant's services was a reasonable response to the husband's demand for "strict proof." The judge's refusal to award the full expense is unexplained and is inconsistent with the express terms of the parties' Agreement. "A court is not at liberty to rewrite a contract simply because the contract may appear to reach an unfair result." Rogers v. Yourshaw, 18 Va. App. 816, 823, 448 S.E.2d 884, 888 (1994) (citations omitted). Under the terms of the Agreement, the expense of the enforcement must be borne by the husband. We hold, therefore, the trial judge erred in failing to assign to the husband the totality of the expenses related to preparing the exhibit in response to the husband's demand for strict proof.

### III.

The husband contends the trial judge erred in refusing to grant him credit against his financial obligations to the wife for mortgage payments he made pursuant to a *pendente lite* order. He argues the *pendente lite* order required him to make the mortgage payments in the absence of such a provision in the Agreement; therefore, he argues he is entitled to a credit for payments erroneously ordered by the *pendente lite* order. The wife responds that the husband's failure to raise this issue in the first appeal of this case bars his claim. We agree the claim is now barred.

The husband appealed from entry of the final decree in 2000 and contested the validity of the Agreement. The husband did not challenge in that appeal the *pendente lite* order or the trial judge's authority to order mortgage payments where the Agreement did not so provide. We affirmed the final decree on that appeal.

This current proceeding was brought by the wife to enforce the final decree. Denying the husband's request for credit for the mortgage payments made pursuant to the *pendente lite* order, the judge explained he "was not required to use the Agreement as a basis for a *Pendente Lite*

- 12 -

award. This being the rule of the case, this court may not grant a credit for what the award required [the husband] to pay." We hold the trial judge did not err in refusing to grant the credit the husband requested.

> "Under [the] law of the case doctrine, a legal decision made at one [stage] of the litigation, unchallenged in a subsequent appeal when the opportunity to do so existed becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time."

Kondaurov v. Kerdasha, 271 Va. 646, 658, 629 S.E.2d 181, 188 (2006) (citation omitted). Because the husband did not raise this issue in the appeal from the final decree, it is now the law of the case and governs these proceedings. Id.; see also Searles v. Gordon, 156 Va. 289, 294, 157 S.E. 759, 761 (1931) (holding the failure to raise a trial objection at two earlier appeals acts as a bar under "res judicata, or as has been sometimes said more accurately perhaps, that decree has become the law of the case"). Therefore, we hold the trial judge did not err in refusing to grant credit to the husband for mortgage payments made pursuant to the *pendente lite* order.

IV.

In summary, the trial judge erred in refusing to grant the wife post-judgment interest on her monetary judgments and postponing the accrual of post-judgment interest for ninety days. The trial judge also erred in refusing to order the husband to reimburse the wife for expenses incurred by the accountant in compiling the expense exhibit for use in the proceeding to enforce the Agreement. The trial judge did not err in refusing to award to the wife reimbursement for tutoring and vitamin expenses not contemplated by the Agreement and did not err in finding the husband was not entitled to a credit for mortgage payments made pursuant to the *pendente lite* order.

Affirmed, in part, reversed, in part, and remanded.